## Abraham Rohrbach *v.* Hayward Heckman, Appellant.

*Defective bill of particulars—Remedy therefor.*

A bill of particulars having been filed within the time specified by the rule of court, if the defendant deems it defective his remedy is by motion for a more specific one, not a motion for nonsuit.

Argued Nov. 13, 1899. Appeal, No. 194, Oct. T., 1898, by defendant, from judgment of C. P. Berks Co., May T., 1897, No. 69, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Per Curiam.

64, (1899).]    Statement of Facts—Opinion of the Court.

Appeal from judgment of justice.    Before ENDLICH, J.

It appears from the evidence that a transcript was filed in the prothonotary's office of an appeal from the judgment of the alderman in favor of the plaintiff for $117.12; that on notice from defendant the plaintiff filed a paper purporting to be a bill of particulars.    At the trial defendant moved for nonsuit for want of a bill of particulars.    The court overruled the motion, gave defendant an exception, and directed the trial to proceed.

Verdict and judgment for plaintiff for $154.32.    Defendant appealed.

*Errors assigned* were (1) in refusing to enter a nonsuit on appellant's motion, for want of a bill of particulars, according to rule of court.    (2) In admitting testimony to prove items in the narr. not containing dates, and in admitting any testimony to prove the narr.

*Edward S. Kremp*, for appellant.

*Edwin Sassaman*, with him *Louis A. Sassaman* and *John F. Smith*, for appellee.

PER CURIAM, December 11, 1899:

The first assignment of error cannot be sustained, because the record shows that a bill of particulars was filed within the time specified by the rule of court.    Whether or not the defendant waived defects in it, if any, by pleading to the declaration or statement subsequently filed, is immaterial.    In no view of the case, and under no construction of the rule of court relied on, was he entitled to a judgment of nonsuit as matter of course when he made the motion therefor.    If he deemed the bill of particulars defective, his remedy was by motion or rule to compel the plaintiff to file a more specific one (1 T. & H. Pr. 473), not by a motion for nonsuit, nor by a general motion made on the trial to exclude all testimony as to items in the declaration not bearing dates.

There is no merit in either of the assignments, and both are overruled.

Judgment affirmed.