## Albany v. Albany

*T. W. Maher*, for plaintiff.
*E. E. Dicker*, for defendant.

CRUMLISH, J., June 24, 1949.—The situation presented to us may be summarized as follows:

1. Plaintiff has filed a complaint in which he alleges that defendant "on or about February 1947 and continuing for a period of several months prior and subsequent thereto at various places and with various persons to plaintiff unknown committed adultery and at various other times and places committed adultery with persons unknown to the plaintiff".

2. In response to defendant's rule, plaintiff next filed a bill of particulars in which it is alleged:

(a) That defendant instituted divorce proceedings against plaintiff "in the Circuit Court of the Second

Judicial Circuit in and for Leon County, Fla., in chancery, no. 9985, which action was a fraud on the jurisdiction of the court in that Florence Elizabeth O'Connor Albany was not at the time, and was not at any time a bonafide resident in the state of Florida"; that the orders and decrees, therefore, of the Florida court are "null and void and of no effect in the Commonwealth of Pennsylvania and other States of the United States with the exception of the State of Florida".

(b) That on November 24, 1947, there was born to defendant a male child, "who was born after nine months' pregnancy and of which . . . Florence Elizabeth O'Connor Albany alleged the father to be J. Roy Albany, above-named plaintiff".

3. Defendant herein has now filed preliminary objections denying the jurisdiction of this court for the following reasons:

(a) An action of absolute divorce was instituted by defendant herein against plaintiff herein as aforesaid. To support this reason, a photostatic copy of the complaint in the divorce action has been made a part of the preliminary objections and therein it is alleged, inter alia, that ". . . the attitude and hostility which defendant exhibited toward her . . . caused plaintiff great mental pain and anguish . . . Plaintiff and defendant's married life became so intolerable that on or about October 22, 1945, they separated and have not lived together as husband and wife since that time".

(b) Pursuant to a "Notice to Appear" issued in the proceedings, plaintiff herein, James Roy Albany, filed an answer in the Florida proceedings as appears by a photostatic copy thereof, which is likewise made a part of the preliminary objections, reading as follows:

"Comes now J. Roy Albany, defendant in the above styled cause, and for answer to the bill of complaint herein filed by plaintiff says that he denies each

and every material allegation of said bill of complaint and demands strict and accurate proof thereof.

"Defendant waives notice of application for appointment of special master, notice of time and place of taking testimony, whether by deposition or otherwise; notice of final hearing; and consents and agrees that this cause may proceed henceforth ex parte."

(c). On January 27, 1948, a final decree was entered in the Florida proceedings of which a photostatic copy is attached and also made a part of the preliminary objections, which ordered, adjudged, and decreed:

"(1) That the equities of this cause are with the Plaintiff and she is entitled to the relief sought and prayed for in her Bill of Complaint. (2) A divorce absolute is hereby granted to the Plaintiff from the Defendant and the bonds of matrimony heretofore existing between them be and hereby are forever dissolved."

4. Plaintiff has filed no answer to the preliminary objections controverting the facts brought upon the record by defendant, nor has any question been raised regarding the dignity or sufficiency of the exhibits, which are made a part of the preliminary objections.

5. Defendant takes the position: (1) That the facts set forth in the bill of particulars and her preliminary objections are properly before us in support of her preliminary objections, and (2) being uncontradicted they establish that the parties have already been divorced by a court of competent jurisdiction and, therefore, we are without jurisdiction.

Plaintiff, on the other hand, contends that "the preliminary objections can do no more than bring to the attention of the court the divorce decree in Florida which was already set forth in plaintiff's bill of particulars. Under the law, it is the duty of this court to determine the factual question of whether or not present defendant had a bonafide domicile in the State of Florida at the time of instituting her divorce action.

The court can only act after hearing testimony on that point and this cannot be done except by a trial on the merits of the case".

## Bill of Particulars

The first question which presents itself has not been raised by the parties. It is this: Is the complaint amplified by the bill of particulars so that the material facts set forth therein may be subjected to preliminary objections under Pa. R. C. P. 1125 (b) ? If it were not for the wording of Pa. R. C. P. 1125 (a), "The *pleadings* in an action are limited to a complaint, an answer thereto, a *bill of particulars*, preliminary objections and an answer thereto", we would not hesitate to strike down defendant's preliminary objections. Black's Law Dictionary defines a bill of particulars as "neither a pleading nor proof of the facts therein contained". Tindal, C. J., in Blunt v. Cooke, 4 Manning and Granger, 458, 461 (1842), said: "A bill of particulars is undoubtedly a creature of the court; and it is not, regularly, part of the record." In Weedon v. Weedon, 34 Pa. Superior Ct. 358, 362 (1907), the following definition was given, on the authority of 3 Encyclopedia of Pleading and Practice 519, 532:

"A bill of particulars is an amplification or more particular specification of the matter set forth in the pleading. While it need not state more than the party furnishing it is bound to prove under the pleading, it must be as specific as the circumstances of the case will allow, and should fairly apprise the opposite party and the court of the nature of the claim or defense made and the nature of the evidence."

The bill of particulars has been expressly held in some jurisdictions to be a part of the pleading. Other jurisdictions have expressly taken the contrary view. See 49 C. J. 628; 28 Columbia Law Review 1112-1113 (1928). We have been unable to find any re-

ported appellate authority in Pennsylvania one way or the other, except in cases involving mechanics' and municipal liens. See Wilvert et al. v. Sunbury Borough, 81* Pa. 57 (1871); Scholl v. Gerhab, 93 Pa. 346 (1880); American Car & Foundry Co. v. Alexandria Water Co., 215 Pa. 520 (1906). But the so-called bill of particulars considered in municipal and mechanics' lien cases is nothing more than an itemized statement attached to and made a part of the claim. The type under consideration here is that "amplification or more particular specification of the matter set forth in the pleading" which may be demanded of an adversary as a matter of right. The only resemblance between the two classes is that in each the probata is limited to the allegata: Gilpin et al. v. Howell, 5 Pa. 41, 53, 54 (1846).

Contrasted with the lien cases above is Stead v. Kehrman, 40 L. I. 394, 16 Phila. 79 (1883), where the court (Common Pleas Court No. 2) said:

"A bill of particulars is no part of the pleadings, and therefore cannot be considered on demurrer. It ought to set out specifically what is claimed, but it is not necessary that it show a cause of action."

In Thomas v. Jones, 17 W. N. C. 128 (1885), Hare, P. J., held: "The bill of particulars is not part of the narr., and cannot be demurred to." See also Taylor to use of Cobb v. Kennelly, 14 W. N. C. 124 (1883), and Rohrbach v. Heckman, 12 Pa. Superior Ct. 64 (1899), where it was held: Where "the bill of particulars" is deemed "defective, [the] remedy is to compel the plaintiff to file a more specific one, . . . not by a motion for nonsuit". In Barber v. Barber, 8 Lack. Jur. 323 (1907), it was held, inferentially, that a bill of particulars is not a pleading when the court said:

"It is not good practice to demur to a bill of particulars . . . The purpose of a bill of particulars is to

amplify the pleadings and more minutely specify the defense so as to prevent surprise at the trial."

From an examination of the works of textbook writers and cases involving the bill of particulars in Pennsylvania, our conclusion is that the bill of particulars, except for the so-called bill of particulars in lien cases, has never been a pleading. Do the new Rules of Civil Procedure raise the bill of particulars to the dignity of a pleading which may be considered as part of the record in disposing of preliminary objections to a complaint? (Whether or not the rules permit a preliminary objection to the bill itself is another question.) After a consideration of the Procedural Rules Act of June 21, 1937, P. L. 1982, sec. 1, as amended by the Act of March 30, 1939, P. L. 14, sec. 1, 17 PS §61, and section 5 of the same act, we must answer the last question in the affirmative. The change is novel, but it is progressive and furnishes a convenient method for raising questions of law in advance of trial. "The prior practice . . . was far more logical in its approach, but its more scientific provisions produced undesirable opportunities for delay.": Goodrich-Amram Civil Practice, p. 109. Take this case, for example. If the bill of particulars were considered as not being a pleading, the situation growing out of the Florida proceeding would come upon the record in the defendant's answer. In the ordinary course of events, a master would be appointed who would preliminarily deal with the question and, eventually, the jurisdictional question would have to come before the court. This procedure would cause unnecessary delay and expense.

### Preliminary Objections

Following the practice adopted by plaintiff, defendant has incorporated in the preliminary objections facts that are necessary to support the objections. On the record, as part of the preliminary objections, are copies of the libel, plaintiff's answer and waiver of

notice, and the final decree. Again we are required to examine the new Rules of Civil Procedure in order to determine whether this is good practice.

The preliminary objections in the instant case are in the nature of a "petition raising a question of jurisdiction" or a "petition raising the defense of lack of capacity to sue . . ." and must be distinguished from one in the nature of a demurrer. Prior to the adoption of the Pa. R. C. P., a demurrer which averred facts necessary to support it was bad as a speaking demurrer: Pew v. Miner, 216 Pa. 343, 344-45 (1907) ; in Cotts v. Quigley, 58 D. & C. 687 (1947), opinion by MacNeille, P. J., it was held that a speaking demurrer is still bad. See also Goodrich-Amram, Civil Practice, p. 88, 1949 Annotations.

Preliminary objections raising questions of jurisdiction are identical in substance and content with the petition procedure under the Act of March 5, 1925, P. L. 23, 12 PS §672. In Lackawanna County v. James et al., 296 Pa. 225 (1929), it was held:

*"The purpose of the statute is to enable a defendant to have determined, preliminarily, whether he is required to answer to the action,* instead of having to wait until after he has incurred the delay and expense of a trial and appeal, only to find out, at the end of the litigation, that the case should not have been heard on the merits at all. It was not intended to furnish a shortcut to a determination of the issues of law or fact, raised by the pleadings, however certain their ultimate determination may appear to be." (Italics supplied.)

In Masefield v. Masefield, 159 Pa. Superior Ct. 6, 8 (1946), the Act of 1925, supra, was held to deal "only with 'the question of jurisdiction over the defendant or of the cause of action for which suit is brought' ". Applying this test to the particular situation created by the facts averred in the preliminary objections, we come to the question: Are the parties bound by the

Florida decree of absolute divorce? If so, we have a situation entitling defendant "to have determined preliminarily" whether he is required to answer to the action.

If the decree granted by the Florida court is one that must be given faith and credit by Pennsylvania, then the preliminary objections must be sustained, for if the parties were divorced by the earlier decree, it is beyond the power of present plaintiff to relitigate the issues decided in the Florida action; in other words, complainant lacks capacity to sue, for he is not the husband of defendant. If, on the other hand, the Florida decree is open to attack on a jurisdictional question raised by the consideration of the good faith domicile of the wife in obtaining the decree, then the objections must be dismissed, for this jurisdictional question of whether the complaining spouse had acquired a good faith domicile in the divorce granting State is a question of fact which can be determined only after a hearing on the merits. These two alternatives, under the facts of the present case, raise this question: May husband plaintiff, respondent in the Florida divorce proceedings where he participated to the extent of filing an answer denying the allegations of the complaint and agreeing that the proceedings be ex parte, now ask this court in an action for divorce to look behind the Florida decree for fraud on the court?

Thus, two questions arise: (a) Did present plaintiff's filing of an answer amount to an appearance in the Florida action, and (b), if so, is this fact, which is brought on the record, not as a part of the complaint or the bill of particulars, but as a part of the preliminary objections, properly before us?

We think that the first question must be answered in the affirmative. As a consequence, the decree of the Florida court is entitled to full faith and credit. Had

husband respondent appeared generally in the Florida proceedings (see Commonwealth ex rel. Nolde v. Nolde, 105 Pa. Superior Ct. 334, 336 (1932)), or had he appeared specially to contest the jurisdiction (see Commonwealth ex rel, Grill v. Grill, 162 Pa. Superior Ct. 244, 245-46 (1948)), he would be bound by the decree. Nor would he be heard now to question the jurisdiction of the Florida court had he appeared in the action by duly authorized counsel: Commonwealth ex rel. Nolde v. Nolde, supra.

Generally, where respondent has not had an opportunity to contest the jurisdictional facts found in the decree granting proceeding, the second court may look behind the prima facie valid divorce at the jurisdictional facts upon which the decree rests: Grossman's Estate (No. 1), 263 Pa. 139 (1919); Commonwealth ex rel. De Gosz v. De Gosz, 161 Pa. Superior Ct. 286 (1947). Where, however, defendant in the first action has participated in the proceeding and a decree of divorce is granted, that decree is one to which full faith and credit must be granted: Sherrer v. Sherrer, 334 U. S. 343, 68 S. Ct. 1087 (1948). Filing an answer is participation: Swecker v. Reynolds, 246 Pa. 197 (1914).

Now for the second question: Is the answer filed in the Florida proceedings properly before us? We think not. In the first place, we are of the opinion that rule 1125 was not intended to permit preliminary objections of any type to aver facts necessary to support them without either an admission or denial from the other party; and, in the second place, even though plaintiff has filed no answer and no depositions have been taken in the matter, nevertheless, plaintiff inferentially questions the presence of the Florida answer when he argues "the preliminary objections can do no more than bring to the attention of the court the di-

vorce decree in Florida which was already set forth in plaintiff's bill of particulars".

We feel that the substantial rights of the parties should be protected by depositions. In Bratcher v. Wheeling & Lake Erie R. R. Co., 96 Pitts. 56 (1948), the preliminary objections raising questions of jurisdiction contained facts not of record, i.e., that plaintiff was not "doing business" in the county, and, being unanswered, the facts in the petition were taken as admitted. Leave, however, was granted to plaintiff to amend the complaint. In commenting upon this procedure, it was suggested in Goodrich-Amram, Civil Practice, p. 78, 1949 Annotations, that "If the court had wished to give P relief, it should have permitted him to answer the objections nunc pro tunc, and take the necessary depositions to prove D's activities in the county".

We shall adopt this suggestion and grant leave to plaintiff herein to answer the preliminary objections nunc pro tunc and for each side to take such depositions as are proper and necessary to bring upon the record all material facts touching upon the question of plaintiff's appearance in the Florida proceedings.

## *Order*

And now, June 24, 1949, leave is granted to plaintiff to file an answer to the preliminary objections nunc pro tunc within 10 days from the date hereof; leave is granted to plaintiff to proceed to take depositions within 10 days after filing the answer nunc pro tunc; leave is granted to defendant to proceed to take depositions within 10 days after the completion of plaintiff's depositions; all extensions of time limits herein fixed must be by order of court; in the event of failure on the part of plaintiff to file a responsive answer to the preliminary objections in accordance with this order, judgment may be entered for defendant; counsel for

defendant to prepare such order for judgment for this court's approval; and, in the event plaintiff files a responsive answer to the preliminary objections, counsel for defendant, after depositions have been taken, shall relist the preliminary objections for argument.