# McCullough *v.* Railway Mail Association, Appellant.

*Practice, C. P.—Appearance—Appearance de bene esse.*

1. An appearance by the defendant cures any defect or irregularity in the service of the writ. The appearance may be either in person or by counsel, but the defendant will also be regarded as having appeared if he give bail to the action, if he file an affidavit of defense, if he make defense before arbitrators or appeal from an award, or if he agree that an amicable action may be entered.

2. If a defendant wishes to attack the regularity or sufficiency of the writ, or question the jurisdiction of the court without submitting to the jurisdiction for the trial of the cause on its merits, he may do so by entering an appearance de bene esse for that specific purpose. If the court sustains his contention he is not in court, or subject to the court's jurisdiction, and the merits of the case cannot be inquired into.

If, on the other hand, the court rules against the defendant, he either may take an appeal, or he may consider himself in court, and defend the action on its merits. If he chooses the latter course and files an affidavit of defense and a plea, such action will be regarded as an appearance by him, and he cannot thereafter raise any question as to any irregularity or insufficiency in the service of the writ.

*Insurance—Accident insurance—External bodily injuries.*

3. In an action on a policy of accident insurance to recover damages for the death of a railroad postal clerk, alleged to have been caused by external bodily injuries, the case is for the jury where the evidence on behalf of the plaintiff was in effect that the deceased was found in a semi-conscious condition in his car after an eighteen miles run alone; that on the following day swellings on his head were discovered by the attending physician, that seven days thereafter the deceased died; that an autopsy by two physicians disclosed a blood clot in the skull in the neighborhood of the swelling; and that in the judgment of the physicians this was produced by external violence, and not by disease.

*Practice, C. P.—Evidence—Motion to strike out.*

4. Where evidence is admitted without objection and no motion is made to strike out the same until after the plaintiff's case in chief is closed, a motion then is made too late.

Argued April 27, 1909. Appeal, No. 359, Jan. T., 1908, by defendant, from judgment of C. P. Crawford Co., Sept. T., 1906, No. 53, on verdict for plaintiff in case of Elizabeth McCullough v. The Railway Mail Association, doing business as National Association of Railway Postal Clerks. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit on a policy of accident insurance. Before HOLT, P. J., specially presiding.

From the record it appeared that the court was moved to set aside service of summons on the ground that the defendant was a foreign corporation not doing business in Pennsylvania, and not registered in this state. The court discharged the rule. [1]

The facts relating to the accident are stated in the opinion of the Supreme Court.

At the trial after plaintiff had rested, and the defendant had

offered testimony, defendant's counsel made the following motion:

Defendant's counsel: I wish to make a motion to strike out the testimony on the part of the plaintiff. This book I have in my hands, is a copy of the constitution and by-laws, which were offered in evidence yesterday by the plaintiff. By examination of the same I find that sec. 15 of the constitution provides as follows:

"And in case of any post mortem examination by or on behalf of persons, representatives or beneficiaries, the association shall be given reasonable opportunity to attend and participate."

It appearing by the evidence of the plaintiff's witnesses that an autopsy was held some four hours after the death of Mr. McCullough, and it appearing by the evidence of the plaintiff that she didn't furnish any notice to the defendant company, and the evidence of a requirement on the part of the company that they did not have notice of the holding of the autopsy not having appeared in the case until after the evidence of the physicians who held the autopsy has been given in court before the court and jury, I now move the court to strike out that evidence for the reason that the autopsy was held and the evidence furnished in violation of the constitution of the company.

Plaintiff's counsel object because it is too late to make such a motion.

The Court: The evidence relating to the autopsy and the physicians as revealed thereby having been admitted without objection, and no motion to strike out the same made until after the plaintiff's case in chief was closed, we think the motion comes too late at this time, and the motion is overruled and bill of exceptions sealed for the defendant. [4]

Defendant presented these points:

2. That there is not sufficient evidence in this case to justify the jury in finding that F. A. McCullough's death was the result of injuries received by or inflicted upon him on December 9, 1905, through external, violent and accidental means. *Answer:* Refused. [2]

3. That there is not sufficient evidence to justify the jury in finding that F. A. McCullough received the injuries alleged by plaintiff on December 9, 1905, after Dr. Taggert first called upon and visited him on the afternoon of said day at the post office in Salamanca. And if the jury believe the evidence of Dr. Taggert that said McCullough told him at their first meeting on the afternoon of said day, that he, McCullough, had not been injured, and the jury shall further find that said McCullough was at the time of sound mind and memory, then they must under the pleadings in this case find for the defendant. *Answer:* So much of this point as reads as follows is affirmed: "That there is not sufficient evidence to justify the jury in finding that F. A. McCullough received the injuries alleged by the plaintiff on December 9, 1905, after Dr. Taggart first called upon and visited him on the afternoon of said day at the post office in Salamanca."

So much of this point as reads as follows: "And if the jury believe the evidence of Dr. Taggert that said McCullough told him at their first meeting on the afternoon of said day, that he, McCullough, had not been injured, and the jury shall further find that said McCullough was at the time of sound mind and memory, then they must find under the pleadings in this case for the defendant;" is also affirmed with this qualification, that if the jury further find that such statement was the fact. [3]

4. That under the law and the evidence the verdict must be for the defendant. *Answer:* This point is reserved. [6]

Verdict and judgment for plaintiff for $3,340. Defendant appealed.

*Errors assigned* among others were (1) discharging rule to set aside service; (2, 3, 6) above instructions, quoting them; (4) ruling on evidence, quoting the bill of exceptions.

*Geo. F. Davenport,* with him *Otto Kohler,* for appellant.— The service upon the commissioner of insurance was not a valid service upon the defendant association and such service did not bring it within the jurisdiction of the court: Fulton v.

Accident Assn., 172 Pa. 117; Bailey v. Williamsport, etc., R. R. Co., 174 Pa. 114.

It is respectfully submitted that when the plaintiff seeks to avail herself of the certificate issued by the association, and herself offers in evidence the constitution and by-laws, she ought to be bound by the provisions thereof; and when it is discovered that she has used evidence which was procured in violation of those provisions, it is not too late to strike out said testimony, even though the motion is not made until the next morning. That the plaintiff's case had closed is no excuse whatever for refusing the motion.

It is respectfully submitted, that there is not a scintilla of evidence in this case showing that the decedent was injured by any external violence on Saturday, December 9.

*Frank J. Thomas*, of *Thomas & Thomas*, with him *Manley O. Brown*, for appellee.—Defendant, by proceeding to trial on the merits of the case, waived its objection to jurisdiction and submitted itself to the jurisdiction of the court, notwithstanding its apparent effort to save an exception to the ruling of the court therein: Lycoming Fire Ins. Co. v. Storrs, 97 Pa. 354; New York & Brooklyn Mining Co. v. Gill, 7 Colo. 100 (2 Pac. Repr. 5); Kronski v. Ry. Co., 77 Mo. 362; Manhard v. Schott, 37 Mich. 234; C. & O. Ry. Co. v. Wright, 50 W. Va. 653 (41 S. E. Repr. 147); Franklin Life Ins. Co. v. Hickson, 197 Ill. 117 (64 N. E. Repr. 248); Kauter v. Fritz, 5 Kan. App. 756 (47 Pac. Repr. 187); Morris v. Miller, 4 Idaho, 454 (40 Pac. Repr. 60); Stephens v. Bradley, 24 Fla. 201 (3 So. Repr. 415); Dailey v. Kennedy, 64 Mich. 208 (31 N. W. Repr. 125); Ruby Chief Mining, etc., Co. v. Gurley, 17 Colo. 199 (29 Pac. Repr. 668).

The question as to the cause of McCullough's death, and as to when he received the injury causing the same, was for the jury under the evidence.

OPINION BY MR. JUSTICE MESTREZAT, May 25, 1909:

It is a familiar rule of practice in this state that an appearance by the defendant cures any defect or irregularity

in the service of the writ. A defendant may appear in person or by counsel. If he appear by counsel, the latter causes his name to be entered on the record. It is not necessary, however, that the defendant should formally appear personally or by counsel to give the court jurisdiction, and to make him amenable to its order, decree or judgment. He will be regarded as having appeared if he give bail to the action, if he file an affidavit of defense to the merits of the cause, if he make defense before arbitrators or appeal from an award, or if he agree that an amicable action may be entered. By taking either of these steps in an action brought against him, the defendant submits himself to the jurisdiction of the court for the trial of the cause on its merits, and is bound by the judgment.

If a defendant wishes to attack the regularity or sufficiency of the service of the writ or question the jurisdiction of the court without submitting to the jurisdiction for the trial of the cause on its merits, he may do so by entering an appearance de bene esse for the specific purpose. This is not such an appearance as will authorize the court to take any steps affecting the merits of the cause. The appearance is for the single purpose of attacking the regularity of the proceeding and the authority of the court to exercise jurisdiction in the cause. The question thus raised is a preliminary one and should be decided before any further steps are taken in the cause. If the decision of the court is favorable to the defendant, he is not in court or subject to its jurisdiction and the merits of the case cannot be inquired into. If, on the other hand, the court rules the preliminary question against the defendant, he has one of two courses to pursue. He may rely upon the position he has taken and attempt to sustain it by an appeal to the proper appellate court; or he may consider himself in court and defend the action on its merits. He is required to select one of the two courses, and having done so he must accept the legal consequences of his action. He cannot deny the jurisdiction of the court, and at the same time take such action to defeat the plaintiff's claim as will amount to an appearance. By taking the latter course he

admits himself in court and must abide by its judgment. He cannot deny the jurisdiction of the court and at the same time defend the cause upon its merits which implies a submission to its jurisdiction. This has long been the settled practice in the state: Lycoming Fire Insurance Co. v. Storrs, 97 Pa. 354; Jeannette Borough v. Roehme, 9 Pa. Superior Ct. 33.

From what has been said it follows that we need not determine the correctness of the trial court's conclusion in refusing to set aside the service of the writ. The defendant association entered a conditional appearance for the purpose of moving to set aside the service of the summons and to quash the writ. After the court had refused the motion, the association filed an affidavit of defense and entered a plea in the case. This action must be regarded as an appearance by the defendant and a waiver of any irregularity or insufficiency in the service of the writ.

This was an action on a beneficiary certificate issued by the association in favor of the plaintiff to recover $3,000, the amount named in the certificate, for the death of the plaintiff's husband which, as alleged by the plaintiff, was caused by bodily injuries through external, violent and accidental means while he was engaged in the railway postal service of the government. The affidavit of defense denies that McCullough's death resulted from bodily injuries through external, violent and accidental means, and avers that it was occasioned by cerebral hemorrhage resulting from illness from which he had previously been suffering. This was the issue raised on the trial and submitted for the decision of the jury. The defendant contends that there was no evidence which would warrant the jury in finding that McCullough received bodily injuries on December 9, 1905, the date laid in the statement, which caused his death. This contention was not sustained by the court which held that the evidence, if believed by the jury, was sufficient to show that McCullough did receive bodily injuries on that day. It appears that McCullough complained of a severe headache during the night of December 7 and also on December 8. His services as postal agent were performed on the railway between

Youngstown, Ohio, and Salamanca, New York. He went from Youngstown to Salamanca in the forenoon of the day and returned in the afternoon. He made the usual trip on December 7 and 8. On Saturday morning, December 9, he left Youngstown in the mail car for Salamanca. He was accompanied as far as Randolph, New York, by an assistant. From that point to Salamanca, eighteen miles farther east, he traveled alone. At the latter place he was found in the car in a semi-conscious condition. He was taken to a hospital in Salamanca, and on Sunday morning was taken to his home at Meadville. An examination at his home by the attending physician disclosed a swelling and redness on his head above the right temple, and afterwards two other external marks or swellings were discovered by the nurse or physician. On the following Sunday, December 17, McCullough died. An autopsy was held by two physicians who testified that they found a blood clot in the skull on the side where the swelling had appeared and that the clot was, in their judgment, produced by external violence and not by disease. The physicians testified that the pains in the head complained of by the deceased were not the usual manifestations of cerebral hemorrhage due to disease and that the symptoms manifested by him were characteristic of brain concussion rather than of apoplexy.

There is no evidence to show that the deceased had received any bodily injury prior to Saturday morning, when he started for Salamanca. He had headache, but it appeared by the evidence that that was accompanied by sickness of the stomach which, it was claimed, produced the pain in the head. The marks of external violence were first discovered on Sunday morning, and if the testimony of the physicians is believed the jury were justified in finding that they produced McCullough's death. We also think that the jury was justified in its conclusion that the injury to the body took place on December 9 while he was in the postal car. There is no evidence whatever to warrant the finding that McCullough received any external injuries on December 7 or 8. It is true there is no direct testimony that he received his injuries on

the mail car from Randolph to Salamanca. It is also true that a witness testified that McCullough told him on Sunday morning that he had not been injured and was not sick, but at that very time he was in a semiconscious condition which discredited his own alleged declarations. He might have received the injuries on Sunday morning which were afterwards discovered on his head and which resulted in his death, but there is no evidence to show that he did receive them at that time. On the other hand, the condition in which he was found in his car at Salamanca would warrant the conclusion that the injuries on his head were caused by some violence in the postal car after he had left Randolph where he separated from his assistant. The physician testified that the swelling resulting from a blow on the head might not be noticeable for some hours after the blow, and that it was possible for paralysis which took place on December 16 to be the result of a blow on December 9. We do not think the court would have been justified in holding that the evidence produced on the trial was not sufficient to warrant the jury in finding that the deceased received the external injuries resulting in his death on December 9, and in directing a verdict for the defendant.

We cannot convict the court of error in refusing to strike out the evidence relating to the autopsy. The reason assigned by the court for the ruling shows that it did not abuse its discretion in declining the defendant's motion.

The assignments of error are overruled, and the judgment is affirmed.