Commonwealth ex rel. Grill, Appellant, *v.* Grill.

Argued October 14, 1947. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*Joseph W. O'Connor,* with him *Henry D. O'Connor,* for appellant.

*Otto Kraus, Jr.,* for appellee.

OPINION BY ARNOLD, J., March 8, 1948:

The court below, after taking testimony, dismissed the support proceedings brought by the relatrix against her alleged husband, and she appealed.

The defense offered was a decree of divorce dated March 19, 1946, granted by the Circuit Court of Tuscaloosa County, Alabama, at the instance of David J. Grill (here the defendant-appellee) against his wife, Louise Grill (the relatrix-appellant here). This decree was, prima facie, entitled to full faith and credit, but it could be collaterally impeached by affirmative proof that the court of the sister state had no jurisdiction: *Williams*

*v. North Carolina (2),* 325 U.S. 226; *Commonwealth ex rel. Esenwein v. Esenwein,* 153 Pa. Superior Ct. 69, 33 A. 2d 675, Aff. 348 Pa. 455, 35 A. 2d 335, Aff. 325 U.S. 279. See the very helpful review by Judge LAUB of Erie County in *Grande v. Grande,* 55 D. & C. 647.

The relatrix sought to impeach the Alabama judgment by a showing that David J. Grill was not a bona fide resident of the state when he instituted the divorce proceeding. This challenge was rejected because of her participation in the Alabama proceedings as will hereinafter appear.

The exemplified record of the Alabama proceedings showed that the divorce was applied for about October 12, 1945, under the Alabama statute "for voluntary abandonment from bed and board for one year next preceding." On October 15, 1945, Louise Grill (the then respondent) received by registered mail the bill of complaint with written notice to appear and plead within thirty days. Within that period Louise Grill did appear, specially, filing a plea that the complainant, David J. Grill, was a resident of Pennsylvania, and not a bona fide resident of Alabama, and praying that the action be therefore abated. The pleader and mover, Louise Grill, thereafter did nothing; and on February 25, 1946, that court made an order reciting, inter alia, "that the said plea [of abatement] is not well taken in that the evidence does not support the plea . . .," denied the same, and granted the respondent, Louise Grill, fifteen days to answer the complaint. She took no appeal from this order or the final decree of divorce granted on the merits after testimony.

If Louise Grill had taken no part in the Alabama proceedings she could have collaterally attacked the final decree as to jurisdiction. If she appeared generally in the Alabama proceedings, in the absence of collusion, she was bound by the decree. She appeared specially, filing a plea of abatement, and herself invoked the Circuit Court of Tuscaloosa County, Alabama, to deter-

mine whether her husband was a bona fide resident of that state. That was a mixed question of law and fact. The judgment on the plea went against her. Having herself moved the court to enounce this, in limine, she was bound by the determination thus made at her instance. When that court, on her application, determined this one segment of the case,—that David J. Grill was a bona fide resident of the State of Alabama,—that judgment, unless reversed, remained forever the law of the case. If, under Alabama law, it was an appealable order, a failure to appeal made it a res judicata. If the judgment was interlocutory, it still remained the law of that case unless reversed on appeal from the final decree. No appeal was taken. Thus, by one means or the other, she, herself, had had conclusively adjudicated that David J. Grill was then a bona fide resident of Alabama, and that that court had jurisdiction.

While her appearance specially to plead in abatement did not bring her into court as on a general appearance, or bind her by the final judgment and decree in divorce, she was, however, precluded from relitigating the single question which she had prayed the Alabama Court to decide, to wit, whether David J. Grill was a bona fide resident of Alabama at the time when he filed the divorce proceeding: *Wallace's Estate,* 316 Pa. 148, 153, 174 A. 397; *Federal Land Bank of Baltimore v. Putnam et al.,* 350 Pa. 533, 39 A. 2d 586; *Reiter v. Reiter,* 159 Pa. Superior Ct. 344, 351, 48 A. 2d 66. This was the exact issue which she submitted for decision.

The precise question in the instant case is apparently not ruled in Pennsylvania, but in *Davis v. Davis,* 305 U.S. 32, it was held that the judgment of a court in Virginia could not be collaterally impeached on an issue which the person seeking the impeachment had had the Virginia courts determine in limine. See also *Baldwin v. Iowa State Traveling Men's Asso.,* 283 U.S. 522. The appellant calls attention to *Sherrer v. Sherrer* (Mass.) 69 N.E. 2d 801, now pending in the United States Su-

preme Court. But in that case the court of last resort of Massachusetts decided that where a general appearance was entered by the respondent in a Florida divorce action, the Massachusetts Court would permit collateral impeachment if such appearance was collusive, as that court found it to be. There is no collusion in the instant case.

Order affirmed.