## Commonwealth ex rel. Bowser *v.* Bowser, Appellant.

Argued October 8, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*John H. Jordan,* for appellant.

*Robert Madore,* for appellee.

OPINION BY DITHRICH, J., January 14, 1949:

Appellant was arrested in Bedford County for desertion and nonsupport of relatrix. A hearing was held and he was ordered to pay the sum of $75 a month, the lower court holding that a Nevada divorce obtained by appellant was not entitled to full faith and credit, and so did not terminate his liability to support relatrix.

The parties were married October 8, 1940, and lived together until September 28, 1944, when they separated under an agreement providing for the payment of $75 a month by appellant to relatrix, pursuant to an order of a Justice of the Peace in Monongalia County, West Virginia, in conformity with the West Virginia Code provisions relating to support orders.

Subsequent to the separation, appellant commenced numerous divorce actions at different times and in different places—one in West Virginia in 1945, one in Huntingdon County, Pennsylvania, in 1945, one in Cumberland, Maryland, in May, 1947, and finally an action in Reno, Nevada, in November, 1947. All but the last were either dismissed or discontinued. The Reno divorce action was heard December 24, 1947, and a decree entered in favor of the appellant on the ground of separation without cohabitation for three full years; the decree recited that the relatrix did not appear in person or by attorney.

Appellant's contention respecting the validity of the Nevada decree rests on the fact that, notwithstanding the Nevada Court's statement that relatrix did not

appear, a demurrer had been filed in her behalf by counsel in Reno on December 16, 1947, eight days before the hearing. The record shows also a stipulation entered into between counsel for the appellant and the attorney who filed the demurrer on behalf of relatrix. The stipulation was filed in the Nevada Court on December 24, 1947, the day of the hearing, withdrawing the demurrer and agreeing that it should not constitute an appearance on behalf of relatrix.

As to the demurrer—which would have constituted an appearance in the Nevada proceeding—relatrix testified that she had not filed any papers in that divorce action. The supplemental record submitted by relatrix includes a "Minute Order" of the Nevada Court ordering "that the default of the defendant for failing to demur, answer or otherwise plead to plaintiff's complaint, be entered." This order had not been included in the record of the Nevada proceedings which had been made a part of the record in this action.

President Judge WRIGHT of the lower court found as a fact that the relatrix had not authorized the filing of any pleadings on her behalf, nor the entry of an appearance, in the Nevada divorce action, and further held that the appellant was estopped to assert that the divorce was not granted by default, by reason of the Nevada Court's order. It was also found as a fact that the appellant went to Nevada for the sole purpose of securing a divorce. This latter finding is apparently not contested, and is supported by the testimony of appellant's second wife, whom he married in Reno on December 24, 1947, the day of his divorce, and then brought back to Maryland, where he resumed his employment.

The question is, did relatrix appear in the Nevada action. If she did not, she is then not barred from collaterally attacking the decree. *Commonwealth ex rel. Grill v. Grill*, 162 Pa. Superior Ct. 244, 57 A. 2d 585; *Sherrer v. Sherrer*, 334 U. S. 343, 68 S. Ct. 1087; *Coe v. Coe*, 334 U. S. 378, 68 S. Ct. 1094. The question was

answered by the Nevada decree itself, which, in the preamble, stated that there had been no appearance for the relatrix (defendant in that action). The fact that an unauthorized pleading had been filed, totally unknown to the relatrix, and subsequently withdrawn with the approval of the Nevada Court, could in no way subject her to the jurisdiction of that court. *Commonwealth ex rel. Nolde v. Nolde,* 105 Pa. Superior Ct. 334, 161 A. 450. There, the relatrix in desertion and nonsupport proceedings was permitted to show that an appearance had been entered in a Nevada divorce action under a forged power of attorney, and thus prove that she had not consented to the jurisdiction of that court. Here, there was competent evidence to support the lower court's finding that no pleadings had been filed by relatrix and that the appellant did not establish a bona fide residence in Nevada. The decree of the Nevada Court is therefore not entitled to full faith and credit. *Commonwealth ex rel. Esenwein v. Esenwein,* 348 Pa. 455, 35 A. 2d 335.

The learned president judge of the court below properly restricted his decision to the appellant's liability to the relatrix, and did not presume to pass on his marital capacity under the Nevada decree. Cf. *Commonwealth ex rel. Hoffman v. Hoffman,* 162 Pa. Superior Ct. 22, 56 A. 2d 362; *Estin v. Estin,* 334 U. S. 541, 68 S. Ct. 1213.

Order affirmed.