## Commonwealth ex rel., Achter *v.* Achter, Appellant.

604

Argued October 3, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Herman Weiner,* with him *Herbert L. Floum,* for appellant.

*Wesley H. Caldwell,* with him *Michael Saxe,* for appellee.

OPINION BY RENO, J., November 14, 1950:

This is an appeal by the husband from a refusal of the court below to vacate an order for the support of his wife. It involves the validity of a California divorce.

Under the Full Faith and Credit Clause of the Federal Constitution we are required to enforce a divorce decree of a sister state as prima facie valid, but only where the forum rendering the decree had jurisdiction. *Com. ex rel. Esenwein v. Esenwein,* 348 Pa. 455, 35 A. 2d 335, affirmed 325 U. S. 279, 65 S. Ct. 1118. Domicile in good faith in the state granting the divorce decree is an essential jurisdictional fact, and if that ingredient is lacking the decree need not be enforced outside the state where it was secured. *Com. ex rel. Meth v. Meth,* 156 Superior Ct. 632, 41 A. 2d 752, (allocatur refused 157 Pa. Superior Ct. xxiv). To effect a change of domicile and thereby confer jurisdiction upon a state to dissolve a marriage wheresoever contracted, there must exist on the part of the libellant an intention to live at the divorce forum permanently or indefinitely. *Williams v. North Carolina,* 325 U. S. 226, 65 S. Ct. 1092; Restatement, Conflict of Laws, §19. As we said in *Com. ex rel. Meth v. Meth,* supra. p. 638: "The determination of whether an asserted acquisition of a domicile has actually occurred depends upon whether all the facts taken together indicate the establishment of a permanent residence or merely a temporary sojourn for a particular purpose."

In support of his petition, appellant introduced in evidence a divorce decree of a California court, thereby establishing prima facie his right to a vacation of the order. *Com. ex rel. Esenwein v. Esenwein,* supra. He testified he had gone to California on September 19, 1947 for business reasons. The following week he opened a bank account and invested $350 in a watch repair business with Julius Cohen as his partner, with whom he resided for about two months. During the remainder of his stay he lived in a rented room. He voted in the 1948 election, obtained an automobile driver's license, and joined several social organizations. Sometime in April or May, 1948, he returned to Philadelphia for

one week in order to borrow additional funds for the business from his brother-in-law and sister. On September 21, 1948, after one year's residence, appellant instituted divorce proceedings in California on the grounds of desertion, indignities and cruel and barbarous treatment. An interlocutory judgment was entered on January 26, 1949 which became final on February 8, 1950. On March 31, 1949 the partnership was dissolved, and on April 10th (ten months before his decree became final) appellant returned to his sister's home in Philadelphia where he continues to reside.

The matrimonial domicile of the parties is in Pennsylvania where they have continuously resided. Since their separation in 1943, appellant, under a court order, has been contributing to the support of his wife and child. Subsequent petitions were filed to decrease the support order which were met by the wife's requests for increases. On several occasions appellant was before the court in attachment proceedings. However, the support order was paid during his stay in California. After his return the order was increased. Again his payments fell in arrears and his petition to decrease the order was dismissed. Two months later, during March, 1950, the instant petition to vacate was filed.

On July 15, 1947 appellant instituted an action of divorce in Philadelphia on the same grounds as those alleged in the California proceeding. After a rule for a bill of particulars was filed he advised his attorney not to proceed further with his case, and left the following week for California. Under the law of that state a divorce will not be granted unless plaintiff has been a resident of the state one year. Cal. Civil Code, §128. Even then the decree is merely interlocutory and final judgment will not be entered until one year later. Id. §§130, 131. The residence referred to in the statute is equivalent to domicile. *Ungemach v. Ungemach,* 61 Cal. App. 2d 29, 142 P. 2d 99.

We are restrained from finding that appellant acquired a bona fide domicile in California for the following reasons: (1) After continuously residing in Pennsylvania and instituting a divorce action here, appellant faced with a divorce contest and his wife's petition for a substantial increase in the support order, fled to California. (2) Immediately upon the expiration of the one year residence requirement he filed an action for divorce on the same grounds which allegedly had occurred in Pennsylvania. (3) During his stay in California appellant arranged to have payments made on his support order. (4) Appellant left California before the final decree was entered and returned to his sister's home in Philadelphia and resumed his occupation of a jewelry salesman.

While appellant's departure prior to the issuance of the final divorce decree could not effect its validity, it does furnish strong evidence of the lack of domiciliary intent and indicates that his residency in that state was "merely for the purpose of obtaining a divorce." 1 Freedman on Marriage and Divorce, §124. Both appellant and his wife were domiciled here and his residence in California was purely temporary as he had no intention of establishing a home there but returned to Philadelphia shortly after the interlocutory decree was entered and has lived here since. His residence in California was merely colorable, artfully designed to furnish ground for the invocation of the jurisdiction of the California courts. *Com. ex rel. DeGosz v. DeGosz,* 161 Pa. Superior Ct. 286, 54 A. 2d 55. The fact that appellant voted in California is of little weight under the circumstances. Registration in a state or even voting therein is not conclusive on the question of change of domicile. *Dorrance's Estate,* 309 Pa. 151, 163 A. 303.

Order affirmed.