## Davidsen *v.* Davidsen, Appellant.

124

Argued October 13, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*David Davidsen,* appellant, in propria persona, with him *Robert A. Detweiler.*

*James Rutherford,* for appellee.

OPINION BY RHODES, P. J., March 16, 1954:

This is a proceeding in equity brought by the wife on May 2, 1949, for her support under the Act of May 23, 1907, P. L. 227, as amended, 48 PS §§131, 132.

The plaintiff in her bill averred that she resided in Hawley, Wayne County, Pennsylvania; that defendant

without justification or excuse there deserted her and their two minor children; that defendant was residing in Brooklyn, New York; that he had failed, refused, and neglected to provide support for plaintiff and their children since the time of the desertion; that defendant had property within the jurisdiction of the court consisting of certain real estate at 205 Welwood Avenue, Hawley, Wayne County, having a value of approximately $5,000. The prayer of the bill was that defendant be declared liable for the support and maintenance of claimant and their children; that the court fix the amount to which plaintiff was entitled for past and future maintenance; and that from said property plaintiff be paid a monthly allowance for maintenance or defendant be required to convey the same to plaintiff.

Defendant filed an answer to plaintiff's bill. Ownership of the property by defendant was admitted. Defendant's defense was that since October 26, 1946, he was under no duty to support plaintiff as he had been divorced from her by decree of the Court of the Second Judicial District of the State of Nevada, which was filed and recorded on that date; and that prior thereto he had provided her with support.

A decree nisi of October 3, 1951, which was made final as of May 7, 1952, directed defendant to pay plaintiff for her support $20 per week, recoverable from defendant's real estate within the Commonwealth if such payments were not otherwise made by him. See *Civera v. Civera*, 174 Pa. Superior Ct. 43, 45, 98 A. 2d 432. Exceptions to the court's findings of fact and conclusions of law were dismissed. Defendant has appealed to this Court.

The jurisdiction of the court below has not been questioned. Defendant relies on the Nevada divorce to justify his refusal to support plaintiff. There are two questions presented to us for decision: (1) Was

the Nevada divorce a defense to the support order; (2) was the evidence sufficient to sustain a support order of $20 per week against defendant.

The decisions of our courts have uniformly held that domicile in good faith in a state granting the divorce decree is an essential jurisdictional fact, and if that ingredient is lacking the decree need not be enforced outside the state where it was secured. *Com. ex rel. Achter v. Achter,* 167 Pa. Superior Ct. 603, 605, 76 A. 2d 469; *Com. ex rel. Harmon v. Harmon,* 172 Pa. Superior Ct. 459, 94 A. 2d 181. When a party leaves the matrimonial domicile his conduct in obtaining a divorce by allegedly establishing a domicile in another state is properly subject to careful scrutiny; and the determination of whether an asserted acquisition of another domicile has actually occurred depends on whether the totality of the facts indicates the establishment of a permanent residence or merely a temporary sojourn for the purpose of divorce or to evade an order of support. *Com. ex rel. Meth v. Meth,* 156 Pa. Superior Ct. 632, 41 A. 2d 752.

The court below found that the primary purpose of defendant in going to Reno, Nevada, was to obtain a quick divorce, and that he never gained a bona fide residence in that state. The court thereupon held that, plaintiff not being subject to the jurisdiction of the Nevada court, the divorce decree obtained by defendant was no defense to the support order in this Commonwealth.

The findings and determination of the court below were based on and supported by the evidence adduced before it.

The parties were married on May 29, 1916, and they lived in Rowlands, Pike County, Pennsylvania, from 1923 to 1929. They then moved to Hawley, Wayne County, where they resided together until September,

1934, when defendant left plaintiff and their children. Plaintiff has continued to reside in Hawley.

A divorce action was instituted by defendant against his wife in Wayne County. A decree was entered in favor of defendant; but on appeal to this Court the decree was vacated on April 21, 1937, and the record remitted with a procedendo. *Davidsen v. Davidsen,* 127 Pa. Superior Ct. 138, 191 A. 619. No further action appears to have been taken.

In 1942 defendant went to Newark, New Jersey, to live. A short time thereafter he moved to Brooklyn, New York, where he still resides. He remarried on April 7, 1947, after his Nevada divorce of October 26, 1946.

Defendant testified that in July, 1946, he went West in search of employment. He arrived in Reno, Nevada, on July 21, 1946. He was there employed from September to December 6, 1946, and he left Reno on December 13, 1946. After going to Texas for the alleged purpose of obtaining work he returned to Brooklyn, New York, on December 24, 1946.

The court below observed that defendant spent less than five months in Nevada, and that the first matter that engaged his attention was to obtain a divorce. Although defendant's excuse for the western trip was the quest for employment, he waited from July 21, to September 9, 1946, to secure work in Reno. He filed his action for divorce apparently prior to August 16, 1946, and the decree was dated October 26, 1946. Leaving Reno on December 13th he arrived in New York eleven days later.

It would be necessary to ignore the admitted facts to conclude otherwise than that defendant's course of conduct was merely to secure a divorce in another jurisdiction, after his failure in this Commonwealth, and thus evade the support of his wife. Defendant had no

legal domicile in Nevada as he had no intention to live there permanently and indefinitely; his residence there was merely temporary. The court below was not required under the circumstances to give full faith and credit to the Nevada divorce decree. Cf. *Com. ex rel. De Gosz v. De Gosz,* 161 Pa. Superior Ct. 286, 54 A. 2d 55.

In fixing the amount of support for which defendant was chargeable, the court below could consider defendant's earning power as well as his property and admitted wage of $20 per day. Plaintiff had no other source of income. We will not interfere with the determination of the court below unless there is a clear abuse of discretion. *Com. ex rel. Crandall v. Crandall,* 145 Pa. Superior Ct. 359, 364, 21 A. 2d 236. The order of $20 per week was justified by the record.

It would serve no purpose to direct a further hearing to afford defendant an opportunity to produce additional evidence as to why he left Nevada. The evidence supports the findings of fact and the decree of the court below, and it will be affirmed.

Decree of the court below is affirmed at the cost of appellant.