Collins *v.* Collins, Appellant.

Argued October 2, 1953. Before RHODES, P. J., HIRT, RENO, ROSS and GUNTHER, JJ.

*Joseph I. Lewis,* with him *Cooper, Hunter & Lewis,* for appellant.

*John A. Metz, Jr.,* with him *John A. Metz and Metz & Metz,* for appellee.

OPINION BY RHODES, P. J., March 16, 1954:

This appeal is from the refusal of the Court of Common Pleas of Allegheny County to vacate an order for alimony awarded for the support of the wife upon a divorce a mensa et thoro.

The appellant, Edgar Q. Collins, and the appellee, Louise Collins, were married on November 14, 1925, and they thereafter resided in Allegheny County. On February 16, 1951, a decree of divorce a mensa et thoro was obtained by appellee in the Court of Common Pleas of Allegheny County, and appellant was ordered to provide support for appellee in the amount of $400 per month.

Subsequent to the decree and order appellant went to the state of Florida. He there filed on March 1, 1952, in the County of Pinellas, a suit for divorce. On May 22, 1952, the Circuit Court of the Sixth Judicial Circuit of the State of Florida granted appellant an absolute divorce from his wife.

After returning to Pennsylvania appellant on December 8, 1952, filed in the Court of Common Pleas of Allegheny County, a petition for rule to show cause why that portion of the decree of February 16, 1951, ordering him to make monthly payments in the sum of $400 for the support of appellee should not be vacated by reason of the divorce a vinculo matrimonii entered May 22, 1952, by the Florida court. Rule was granted on the petition, and a writ of Ne Exeat was stayed pending disposition of the petition to vacate and the rule issued thereon.

All the matters were considered by the court below, and, after hearing, the court found that appellant had not established or maintained a permanent residence in the state of Florida; but that on the contrary he continually maintained a room in a hotel at Bedford, Pennsylvania, and never discontinued or interrupted the operation of his several businesses in this Commonwealth. The court concluded that the divorce was granted in Florida without the Florida court's having any jurisdiction over the wife; and that appellant's residence in Florida had not been bona fide but was solely for the purpose of obtaining a divorce. Consequently, it was held that the Florida decree was not entitled to full faith and credit in this Commonwealth. The court below thereupon entered an order discharging the rule to show cause and made absolute the rule granted on appellee's petition for attachment in contempt; appellant was ordered to pay all alimony delinquencies and the writ of Ne Exeat was reinstated. This appeal was taken from that order.

Most of the evidence produced at the hearing on appellant's petition and rule has been omitted from the printed record. It has been stipulated, however, that the evidence omitted will support a finding that appellant was not legally domiciled in Florida at the

time of the Florida decree; and that appellant's position is that no consideration may be given to that evidence because appellee had submitted herself to the jurisdiction of the Florida court.

The latter contention is predicated upon the following facts. Upon appellant's instituting his divorce action in Florida a copy of the complaint in divorce, together with a notice requiring appellee to serve upon appellant's Florida attorney a copy of her written defense to the bill of complaint on or before April 3, 1952, was sent to appellee in Pennsylvania by registered mail. This was received by appellee on March 6, 1952. She thereupon wrote a letter dated March 25, 1952, to "President Judge of Circuit Court for Pinellas Co., Clearwater, Fla." This letter, after making reference to the number of the Florida action and the names of the parties thereto, states: "As I am financially unable to come to Florida to contest this suit I would like to state several reasons why my husband has no grounds for a divorce." The letter then recites various details about appellant's involvement with another woman, advises the Florida judge as to appellant's "bed and board" decree granted in Pennsylvania, and expresses appellee's doubts as to appellant's intention to make Florida his permanent residence. It concludes as follows: "I wanted the courts to know that my husband has no grounds for a divorce and was unable to obtain one in our own state and is only there for that purpose. I would be very thankful for a reply." Above appellee's signature were the words "Sincerely yours," and the salutation was "Dear Honorable Sir."

The judge did not reply to appellee's letter; instead he filed it of record in the Florida court. On May 9, 1952, appellant moved to strike the letter from the record for the following reasons: (1) It was merely for the purpose of influencing the court previous to the

taking of testimony; (2) it did not comply with the Florida Equity Rules; (3) it did not set up any defense to the complaint filed in the cause; (4) and it was immaterial, irrelevant, and impertinent, and should not be permitted to remain in the court file as it was a sham. A notice of hearing upon the motion was mailed to the appellee. Thereafter, on May 15, 1952, the Florida court entered an order wherein it found: "That said letter does not comply with the rules of Court as to an answer; does not set up any defense to complaint and is immaterial, irrelevant and impertinent." The letter was thereupon stricken from the records.

Appellant argues that the action of appellee in sending such letter, together with the action of the Florida court in filing it of record, constituted an appearance by appellee in the Florida divorce action, which precludes her from questioning the jurisdiction of the Florida court.

Appellant concedes that domicile in good faith in the state granting a divorce decree is an essential jurisdictional fact, and, if that ingredient is lacking, the decree need not be enforced outside the state where it was secured. *Com. ex rel. Esenwein v. Esenwein,* 153 Pa. Superior Ct. 69, 33 A. 2d 675, affirmed 348 Pa. 455, 35 A. 2d 335, affirmed 325 U. S. 279, 65 S. Ct. 1118, 89 L. Ed. 1608; *Com. ex rel. Meth v. Meth,* 156 Pa. Superior Ct. 632, 41 A. 2d 752; *Com. ex rel. Achter v. Achter,* 167 Pa. Superior Ct. 603, 76 A. 2d 469; *Com. ex rel. Harmon v. Harmon,* 172 Pa. Superior Ct. 459, 94 A. 2d 181; *Williams v. North Carolina,* 325 U. S. 226, 65 S. Ct. 1092, 89 L. Ed. 1577; *Rice v. Rice,* 336 U. S. 674, 69 S. Ct. 751, 93 L. Ed. 957.

Appellee likewise admits that if she appeared in the Florida divorce proceeding she is barred from collaterally attacking the decree of the court of that state.

*Sherrer v. Sherrer,* 334 U. S. 343, 68 S. Ct. 1087, 92 L. Ed. 1429; *Coe v. Coe,* 334 U. S. 378, 68 S. Ct. 1094, 92 L. Ed. 1451; *Com. ex rel. Grill v. Grill,* 162 Pa. Superior Ct. 244, 57 A. 2d 585; *Com. ex rel. Bowser v. Bowser,* 163 Pa. Superior Ct. 494, 63 A. 2d 117.

If a defendant files an answer to the merits of a cause, he will be regarded as having appeared and as having submitted himself to the jurisdiction of the court for the trial, and is bound by the judgment. *McCullough v. Railway Mail Association,* 225 Pa. 118, 123, 73 A. 1007. Accordingly, on the appeal before us, we are called upon to decide the narrow question whether the letter written by appellee constituted an appearance on her part in the Florida divorce action.

In *Pellegrini v. Roux Distributing Co., Inc.,* 170 Pa. Superior Ct. 68, 73, 84 A. 2d 222, 224, we said: "The general principles involved are adequately stated in 6 C.J.S., Appearances, §13, as follows: 'Broadly stated, any action on the part of defendant, except to object to the jurisdiction over his person which recognizes the case as in court, will constitute a general appearance . . .'; but, 'although an act of defendant may have some relation to the cause, it does not constitute a general appearance, if it in no way recognizes that the cause is properly pending or that the court has jurisdiction, *and no affirmative action is sought from the court.*' (Emphasis added.)"

Although appellee's letter had a relationship to the cause in that it was prompted by her receipt of notice of the institution of the Florida divorce action by her husband, it did not recognize that the cause was properly pending or that the Florida court had jurisdiction in any respect. Significantly the letter did express appellee's conviction that appellant went to Florida for the sole purpose of securing a divorce which he could not obtain in Pennsylvania.

The letter cannot be said to constitute an appearance as it was not a pleading of any kind, and appellee has not otherwise appeared in the Florida proceeding. It was merely a personal letter from appellee to a judge of a Florida court. While it concluded with appellee's statement that she would be thankful for a reply from the judge, no affirmative action was sought from the *court*. The unauthorized filing of the letter by the recipient added nothing to change its character. See *Com. ex rel. Bowser v. Bowser,* supra, 163 Pa. Superior Ct. 494, 497, 63 A. 2d 117.

It is common knowledge that judges receive personal letters and communications from litigants and others regarding pending litigation. Of necessity, under our system of jurisprudence, such communications are ignored, and we have no knowledge of any occasion when they have been regarded as a pleading or as creating an appearance without authorization.

Our conclusion that appellee's letter did not constitute an answer to the complaint in divorce is substantiated by the action of appellant himself as well as by the action of the Florida court. In ordering the letter to be stricken from the record the Florida court accepted the reasons set forth in appellant's motion. Thereafter there was nothing before the court which could in any way subject appellee to its jurisdiction. In *Com. ex rel. Bowser v. Bowser,* supra, 163 Pa. Superior Ct. 494, 497, 63 A. 2d 117, 118, we made this pertinent statement: "The fact that an unauthorized pleading had been filed, totally unknown to the relatrix, and subsequently withdrawn with the approval of the Nevada Court, could in no way subject her to the jurisdiction of that court. Commonwealth ex rel. Nolde v. Nolde, 105 Pa. Superior Ct. 334, 161 A. 450."

Some resemblance to the factual situation in the instant case may be found in *In re Kimball's Estate,*

155 N. Y. 62, 49 N.E. 331, 333, wherein the Court of Appeals of New York said: "By referring to the paper which is now claimed to be an answer, we find it dated at New York, and addressed to the plaintiff's counsel individually. It is in form an ordinary letter, commencing 'Dear Sir,' and closing with the words 'Very respectfully,' and is signed 'Jas. L. Semon.' It is not entitled in any action in any court of any state. It does not purport to be a pleading in any action. . . . We then have a judgment of a court of a sister state entered against a resident of this state, in which there has been no personal service of process upon him in the jurisdiction of that state, or appearance by him in the action by which the court could acquire jurisdiction of his person."

The order of the court below is affirmed.

WRIGHT, J., took no part in the consideration or decision of this case.