## Youmans v. Youmans

*Mark L. Newman,* for plaintiff.
*Alan J. Youmans,* in propria persona.

O'BRIEN, *J.,* September 9, 1991—Plaintiff, Betty L. Youmans, and defendant, Alan J. Youmans, were married on December 26, 1977. Following the parties' separation, plaintiff wife filed a complaint for spousal support on February 2, 1990. This court entered an order of support on February 26, 1990, which was premised upon an agreement of the parties which provided for defendant husband to make payment of certain sums of money and other expenses for the benefit of the plaintiff wife. On

March 15, 1991, a hearing was held before the standing support master on defendant's petition to terminate the order of spousal support because he had obtained a Nevada divorce decree. The master recommended that the spousal support be terminated and the plaintiff wife filed timely exceptions to that recommendation. Following submission of briefs by both parties, the matter is now before the court for disposition.

Although defendant husband argues that the Nevada divorce decree can only be attacked by a direct appeal thereof, there is ample authority to challenge such a decree in a spousal support proceeding in Pennsylvania. In *Commonwealth ex rel. Wenz v. Wenz,* 195 Pa. Super. 593, 171 A.2d 529 (1961), the Superior Court held that only a spouse who obtains a decree of divorce from a court which has no jurisdiction or takes advantage of such a decree by remarrying is precluded from challenging the validity of the decree in a collateral proceeding. The court reached a similar conclusion in *Commonwealth ex rel. Bortin v. Bortin,* 210 Pa. Super. 355, 234 A.2d 55 (1967). The issue in the case at bar is appropriately framed by the following language from our Superior Court in *Watson v. Watson,* 243 Pa. Super. 23, 364 A.2d 431 (1976):

"If appellant's Nevada divorce decree is valid in Pennsylvania, the support order as well as all arrearages accruing under that order, must be vacated. On the other hand, if the Nevada divorce decree is invalid in Pennsylvania the support order remains binding on the appellant."

Thus in *Davidsen v. Davidsen,* 175 Pa. Super. 123, 103 A.2d 296 (1954), and *Esenwein v. Esenwein,* 348 Pa. 455, 35 A.2d 335, *aff'd,* 325 U.S. 279, 65 S.Ct. 1118, 89 L.Ed. 1608 (1944), our appellate courts found Nevada divorce decrees invalid and

denied the husband's request to terminate spousal support orders entered in Pennsylvania.

Since we conclude that the plaintiff wife may properly challenge the Nevada divorce decree in this support proceeding, we now must determine whether or not that decree is entitled to full faith and credit in Pennsylvania. Although the judgment of a court of one state is conclusive upon the merits of the issue, in every other state, this court is authorized to inquire into the jurisdictional facts necessary to confer jurisdiction in the Nevada court which granted the divorce decree. *Esenwein v. Esenwein, supra.* Lack of jurisdiction is the sole basis for not granting full faith and credit to an out-of-state divorce decree. As our Supreme Court stated in *Stambaugh v. Stambaugh,* 458 Pa. 147, 329 A.2d 483 (1974), quoting *Williams v. North Carolina (II),* 325 U.S. 226, 229, 65 S.Ct. 1092, 1095, 89 L.Ed 1577, 1581 (1945):

"A judgment in one state is conclusive upon the merits in every other state if the court of the first state had jurisdiction to render the judgment. The jurisdiction of a state to enter a divorce decree is dependent solely upon the domicile of one spouse."

The only evidence presented by the defendant husband in the case at bar was a photocopy of a purported divorce decree entered in Nevada on December 28, 1990. Since this document did not meet the requirements mandated by 42 Pa.C.S. §5328, the master clearly made an error of law in admitting this document over the objections of counsel for plaintiff wife. Since the defendant husband did not appear to testify at either hearing before the support master, the wife's testimony with respect to the absence of a Nevada domicile by either spouse is uncontradicted. The wife testified that the husband neither resided nor worked in

Nevada. She also testified that she never received notice of the Nevada proceeding and in fact had filed her own complaint in divorce in Monroe County several weeks prior to the date of the Nevada decree. As our Supreme Court stated in *Commonwealth v. McVay,* 383 Pa. 70, 73, 118 A.2d 144 (1955), the bona fides of domicile is subject to collateral attack in any other state by the spouse who did not appear in court where the decree of divorce was granted.

This court is not required to give full faith and credit to a foreign divorce decree if the evidence is insufficient to establish a domicile in the foreign state. *Commonwealth ex rel. Harmon v. Harmon,* 172 Pa. Super. 459, 94 A.2d 181 (1953). A state cannot exercise through its court's judicial jurisdiction over the status of a person unless a method of notification is employed which is reasonably calculated to give her knowledge of the attempted exercise of jurisdiction and an opportunity to be heard. *Commonwealth v. Cluster,* 145 Pa. Super. 535, 543, 21 A.2d 524, 527 (1941). The full faith and credit clause does not require this court to recognize a judgment rendered without jurisdiction or without notice and a fair opportunity to be heard; indeed due process of law mandates otherwise. *Barnes v. Buch,* 464 Pa. 357, 364, 346 A.2d 778, 782 (1975). Therefore, we conclude that defendant husband is not entitled to termination of the spousal support order heretofore entered by this court.

## ORDER

And now, September 9, 1991, plaintiff's exceptions to the recommendations of the support master are sustained and it is ordered as follows:

(1) The prior order of this court entered upon recommendation of the master dated May 16, 1991, is vacated.

(2) The prior order of this court dated February 26, 1990, is reinstated and shall remain in full force and effect.

(3) The domestic relations office is directed to provide both parties to this proceeding with a certificate of the arrearages due and owing on this order as a consequence of the foregoing provisions of this order. If the parties are unable to agree on a method and amount of payment to cure the arrearages, the arrearages shall be subject to the contempt powers of this court.