[304] *GEORGE G. DOUGLASS, APPELLANT, v. THE PACIFIC MAIL STEAMSHIP CO., RESPONDENT.

APPEARANCE.—A party ought not to be allowed the benefit of any proceeding, unless he assumes the responsibility of it.

DEFINITIONS—PERSON DEFINED.—The word "person," in its legal signification, is a generic term, and was intended to include artificial as well as natural persons

APPEAL from the Fourth Judicial District.

This was an action commenced by the plaintiff, in the District Court of the Fourth District, on a written contract with the defendant, a foreign corporation, existing in the City and State of New York, to serve the defendant in the capacity of chief engineer, reporting for duty at Panama.

The complaint charged a breach of the contract, and claimed wages due, and damages. On the usual service, by publication, and on the necessary affidavits showing a cause of action, and non-residence of the defendant; also, forwarding a copy of the complaint and summons, to the City of New York, to the address of the company; also, leaving a copy of the summons and complaint with the company's agency, in the City of San Francisco; an order for default and of reference to referee, to ascertain the amount due plaintiff, was obtained, upon showing service of process, in accordance with the order and in conformity to the statute.

After the default was taken, the counsel of defendant filed an affidavit, setting out, among other things, that they had, through inadvertence, permitted the time for answering to pass, and that, in the judgment of affiant, the suit was improperly brought; that defendant had intended to move to dismiss the case; also, that he believed the defendant had a good defense to the action, and that he only appeared for the purpose of setting aside the default, for the purpose of first moving the dismissal of the suit, and, if that motion was unsuccessful, then he would answer the complaint upon the merits.

*Upon this affidavit, the Court below allowed a [305] restraining order, until the motion could be made.
Plaintiff filed his cross-motion to vacate the order. Both motions were heard at the same time; defendant's motion to dismiss was sustained, and plaintiff's overruled, from which order the plaintiff appealed to this Court.

*A. M. Heslep,* for Appellant.

A non-resident debtor is within the jurisdiction of the Courts of this State. (Title III, § 30, p. 55, Statutes of California, 1851.)

Th Court is bound to inquire, in every case, whether the facts in the case give jurisdiction, although the point is not presented by counsel. (2 Supp. U. S. Digest (Putnam), p. 248; *Stamps* v. *Martin,* 3 How. 425.)

The term "persons," in a legal sense, is a generic term, and when used it refers to natural as well as artificial persons; for, amongst the incidents of a corporation, it may do the same acts as natural persons may. (1 Blackstone, side 475, top 395; 2 Term. Rep. 872; 3 Cow. 403; 8 East, 229; Bacon's Abr. Corp. E, 4.)

A corporation, being an artificial person, for all legal purposes, occupies in principle the same position as a natural person, with some qualifications. The question then is, where the term "person" is used in the statute, does it contemplate an immunity in favor of the corporations? Clearly it does not. The 30th section, title 3, page 55, of the statute of 1851, reads: "When the person, on whom the service is to be made, resides out of the State," etc.

No brief on file for Respondent.

Mr. Ch. J. Murray delivered the opinion of the Court. Mr. Justice Heydenfeldt and Mr. J. Wells concurred.

There are two errors assigned by the appellant in this cause, which are both well taken.
The first is the order of the Court below, admitting the

respondents to appear specially, for the purpose of moving to set aside the default, and to dismiss for want of jurisdiction.

[306]          * It is clear that a party ought not to be allowed the benefit of any proceeding, unless he also assumes the responsibility of it. His appearance for one purpose, is a good appearance to the action.

The second is, that the Court erred in restricting the operation of the 30th section of the "Act Defining the Manner of Commencing Civil Actions," to natural persons.

The word "person," in its legal signification, is a generic term, and was intended to include artificial as well as natural persons.

Judgment reversed, and cause remanded.