[Civ. No. 9797. Second Appellate District, Division Two.—April 5, 1935.]

E. D. STUART, Appellant, v. S. T. ALEXANDER et al., Respondents.

Mark H. Edwards and Julius V. Patrosso for Appellant.

M. G. Gallaher for Respondents.

SCOTT, J., *pro tem.*—█ Plaintiff brought this action in Ventura County and served Claire H. Alexander on December 2d in Alameda County. On January 2d plaintiff directed the clerk to enter default of said defendant, which was done. Judgment was entered the same day. On January 4th defendant filed a demurrer, which came on for hearing January 15th, and was then objected to by plaintiff because of default judgment theretofore entered. The court of its own motion set aside the default on the ground that it had been prematurely entered, in that defendant had the whole day of January 2d within which to appear, because the day prior thereto, January 1st was a legal holiday.

Appellant concedes that the default and judgment were prematurely entered, and that if motion for relief had been made by defendants under section 473 of the Code of Civil Procedure the court would have had jurisdiction to set aside the default, but contends that the court was powerless to thus act because of absence of such a motion. The court had jurisdiction of the cause and the parties, and if it chose to exercise its discretion to correct the error of the clerk in performing a ministerial act (which error we observe was induced by the very party who now seeks to profit by it) it had the inherent power to do so; and we are unable to say that it was an abuse of discretion to thus act, notwithstanding a formal motion directed to that specific matter had not been made by the party aggrieved.

Order affirmed.

Stephens, P. J., and Crail, J., concurred.