[Civ. No. 25390. Second Dist., Div. Three. May 23, 1961.]

REMAINDERS, INC. (a Corporation), Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; SONJA BARTLETT et al., Real Parties in Interest.

Guerin & Guerin for Petitioner.

Harold W. Kennedy, County Counsel, and Donald K. Byrne, Deputy County Counsel, for Respondent.

No appearance for Real Parties in Interest.

NOURSE, J. pro tem.*—Petitioner seeks a writ of mandate to compel the respondent court to vacate its order setting aside a default of real parties in interest entered by its clerk.

 The order made by the court is not appealable and hence mandamus is a proper remedy if the court acted in excess of its jurisdiction or abused its discretion in entering that order.

The relevant facts are: Petitioner commenced an action against real parties in interest and others, and service of process was made upon real parties in interest. Petitioner extended the time for real parties in interest to plead to December 21, 1960. Real parties in interest did not appear within that time and at the earliest possible moment, on December 22d, petitioner filed notice of request for entry of default. On the same day the clerk entered the default and on the same day received and filed real parties in interest's answer to the complaint. On February 28, 1961, petitioner filed notice of motion to strike the answer and upon the hearing of the motion (real parties did not appear in opposition thereto), the respondent court denied that motion and of its own motion set aside the default entered by the clerk.

 An answer filed after a default has been *properly* entered is a nullity. (*Christerson* v. *French,* 180 Cal. 523, 525 [182 P. 27]; *Title Insurance etc. Co.* v. *King etc. Co.,* 162 Cal. 44, 46 [120 P. 1066].)

 While a defendant has the right to be relieved of his default if he applies for such relief upon the grounds set forth in section 473, Code of Civil Procedure, the court cannot of its own motion grant a defendant relief from his default for failure to answer a complaint, as its jurisdiction so to do is dependent upon an application for such relief being made by the defendant and a showing made of mistake, inadvertence, surprise or excusable neglect. (*McDonald* v. *Severy,* 6 Cal.2d 629 [59 P.2d 98]; *Osmont* v. *All Persons,* 165 Cal. 587, 590 [133 P. 480]; *Suttman* v. *Superior Court,* 174 Cal.

*Assigned by Chairman of Judicial Council.

243 [162 P. 1032] ; *Estate of Hultin,* 29 Cal.2d 825, 829-830 [178 P.2d 756].)

 The courts look with favor upon actions being decided upon the merits and a party should not be deprived of his right to defend an action merely because he loses the race to the courthouse door. (*Farrar* v. *Steenbergh,* 173 Cal. 94 [159 P. 707] ; *Smith* v. *Los Angeles Bookbinders Union,* 133 Cal. App.2d 486 [284 P.2d 194] ; *Dahlin* v. *Moon,* 141 Cal.App.2d 1 [296 P.2d 344].)

 We would exercise our discretion to deny a peremptory writ if the denial of that writ would result in a trial on the merits but we are convinced that it would not, for the court's order vacating the default being void and the plaintiff who won the race to the courthouse door, by how many minutes we do not know, would still be in the position to take a judgment by default. The granting of a peremptory writ will not deprive the defendants of their rights to move the court, pursuant to section 473, Code of Civil Procedure, to have the default vacated and they may take such action before our decision is final. Such action on their part, if taken within six months after the entry of the default, will give the trial court jurisdiction to act upon that motion even though it waits until the order of this court is final to take action upon defendants' motion.

Let a peremptory writ of mandate issue directing the respondent court to vacate its order setting aside the default of the defendants.

Vallée, Acting P. J., and Ford, J., concurred.