[Civ. No. 52503. Second Dist., Div. Three. July 27, 1978.]

JAMES FORBES, Plaintiff and Appellant, v.
CAMERON PETROLEUMS, INC., et al.,
Defendants and Respondents.

**COUNSEL**

John E. Crooks and Philip R. Linsley for Plaintiff and Appellant.

Thomas R. Ulmer for Defendants and Respondents.

---

**OPINION**

**POTTER, J.**—Plaintiff James Forbes appeals from an order of the superior court quashing the service of the summons upon defendants Cameron Petroleums, Inc., and Harold B. Brett, and, in the alternative (in the event that the quashing of service of summons be held erroneous), granting defendants' motion to stay proceedings on the grounds of inconvenient forum.

The order also vacated the default of defendants entered September 1, 1976, "on the grounds of excusable neglect by defendants."[1]

The complaint was for breach of contract for money had and received, and for an accounting. It was based upon a contract in writing between plaintiff's assignor "JKJ ENERGY SALES CORPORATION, a body corporate having its executive offices in the City of Encino, California" and defendant "CAMERON PETROLEUMS INC., a body corporate with registered offices in the City of Greensburg, Indiana." The contract provided for the drilling of test wells on lands leased by JKJ in Indiana. The liability of defendant Brett was predicated on his alter ego relationship with Cameron.

Purported service of the complaint was made in California on July 27, 1976, by personally serving defendant Brett in his individual capacity and as president of Cameron.

---

[1]Though the notice of appeal refers to "the order and the whole of the order," appellant does not argue any impropriety insofar as the order granted the motion to vacate the default.

No responsive pleading was filed by September 1, 1976, and on that date plaintiff filed a request to enter default of both defendants, and their defaults were entered. Thereafter, on September 3, 1976, defendants filed a "NOTICE OF DEMURRER TO COMPLAINT" and a supporting memorandum of points and authorities. The notice stated that the demurrer would "be made on the grounds, each and every, as follows:

"1. That the court has no jurisdiction of the subject of the cause of action alleged in the pleading;[2]

"2. The pleading is uncertain;

"3. It cannot be ascertained from the pleading whether the assignment to plaintiff is written or oral."

Plaintiff's response to the demurrer was a motion "to strike said demurrer from the files" upon the ground that after defendants' default was entered they "were not entitled to file any pleading." At a hearing on September 17, 1976, the court "made its order striking defendants' demurrer from the files on the grounds that default of defendants had been entered on September 1, 1976."

Defendants' "NOTICE OF MOTION TO VACATE DEFAULT AND QUASH SERVICE OF SUMMONS OR IN THE ALTERNATIVE TO STAY OR DISMISS ACTION ON THE GROUNDS OF INCONVENIENT FORUM" was filed February 11, 1977. It was supported by affidavits advancing defendants' claims that (1) the neglect to file a responsive pleading was excusable, (2) defendant Brett "was fraudulently induced to enter the State of California in order to be served with the complaint in this action," and (3) California was an inconvenient forum for the trial of the action.

Defendants' memorandum in support of the motions invoked the court's power under Code of Civil Procedure section 473 and its equity jurisdiction to relieve from extrinsic mistake in support of the motion to vacate the default. The motion to quash service was supported by the court's "authority to refuse to exercise judicial jurisdiction if the basis of that jurisdiction, i.e., the physical presence of the [defendant] in this state, has been obtained by fraud or unlawful force." (*Titus* v. *Superior Court* (1972) 23 Cal.App.3d 792, 798 [100 Cal.Rptr. 477].)

---

[2]The memorandum of points and authorities showed, however, that the actual objection was that neither defendant was amenable to the personal jurisdiction of California courts by virtue of the lack of any substantial contacts with this state.

In support of the forum non conveniens motion, defendants relied upon Code of Civil Procedure section 418.10, subdivision (a), subsection (2), authorizing the court "[t]o stay or dismiss the action on the ground of inconvenient forum" when so moved by a defendant who has not made a general appearance.

Plaintiff filed opposition to all three motions. Declarations filed in behalf of plaintiff contradicted those of defendants relating to all issues. Plaintiff also contended that defendants' demurrer filed September 3, 1976, constituted a general appearance waiving any objection to the court's personal jurisdiction over defendants, and that the forum non conveniens motion was foreclosed by the rule that " '[a] determination that a plaintiff is domiciled here would ordinarily preclude granting the defendant's motion for dismissal on the ground of *forum non conveniens.*' " (*Thomson* v. *Continental Ins. Co.* (1967) 66 Cal.2d 738, 742 [59 Cal.Rptr. 101, 427 P.2d 765].) Defendants, in turn, filed supplemental affidavits rebutting plaintiff's factual showing.

Defendants' motions were heard May 5, 1977, and on that date the court made its minute order granting (1) defendants' motion to vacate the default, (2) defendants' motion to quash service of summons, and (3) in the alternative, a stay of further prosecution of the action. Defendants were ordered to prepare a written order. The written order recited findings as follows and granted relief as above stated:

"1. There has been excusable neglect on the part of defendants in not timely responding to the complaint on file;

"2. Defendants have not made a general appearance in this proceeding;

"3. Plaintiff had fraudulently enticed defendant Harold B. Brett to enter in California in order to serve him with the complaint and summons in this action. Therefore, this court refuses to exercise judicial jurisdiction over the defendants in this action since the basis of that jurisdiction has been obtained by fraud;

"4. In the interest of substantial justice this action should not be held in California; rather the case should be heard in the State of Indiana."

*Contentions*

Plaintiff attacks the order on narrow grounds. The order quashing service of summons is assailed on the sole ground that defendants' demurrer constituted a general appearance. Plaintiff does not question the sufficiency of the evidence to support the court's finding that plaintiff fraudulently enticed defendant Harold Brett to enter California to serve him with a complaint and summons. The alternative order granting defendants' motion to stay proceedings on the ground of inconvenient forum is attacked generally as an abuse of discretion.

*Discussion*

In view of the order striking it from the files, we conclude that defendants' demurrer was not a general appearance; consequently, the finding that plaintiff fraudulently enticed defendant Harold Brett to enter California in order to serve him with a complaint fully supports the court's order quashing service. Such being the case, it is inappropriate to review the court's exercise of discretion in applying the doctrine of forum non conveniens.

*The Order Striking the Demurrer*
*Eliminated It As an Appearance*

■ It is clear that defendants' demurrer was a legal nullity when it was filed. Since defendants' default had already been entered, they had no standing to file any responsive pleading without first obtaining relief from the default. In *Christerson v. French* (1919) 180 Cal. 523, 525 [182 P. 27], our Supreme Court said: "It follows, then, that the filing of the demurrer and the motion to strike out after the default had been entered did not suspend the ministerial duty of the clerk to enter the judgment. The clerk was bound to receive and file these pleadings, although *they could have no legal effect*." (Italics added.)

*Christerson* is cited in *Jones v. Moers* (1928) 91 Cal.App. 65, 69-70 [266 P. 821], wherein it was said:

"Upon the failure of the defendant to answer the complaint within the time allowed by law, and upon the entry of default, in the absence of fraud, the right of the defendant to participate in the litigation is terminated, and the subsequent filing of an answer or demurrer on his

part is unauthorized and void, unless upon proceedings duly had, the default is first set aside. . . .

"In the present case the filing of an answer in behalf of the defendant after his default had been duly entered, *added nothing to his legal rights, nor altered his status in the case.* Upon the entry of his default the defendant was out of court, and the filing of his answer was unauthorized and void. (*Christerson* v. *French,* 180 Cal. 523 [182 Pac. 27]; *Title Insurance etc. Co.* v. *King etc. Co.,* 162 Cal. 44 [120 Pac. 1066]; *W. H. Marston Co.* v. *Kochritz,* 80 Cal.App. 352 [251 Pac. 959]; *Gray* v. *Hall* (Cal.App.) 254 Pac. 911.)" (Italics added.)

Other appellate court decisions announcing the same rule are the decision of this division in *Remainders, Inc.* v. *Superior Court* (1961) 192 Cal.App.2d 411, 412 [13 Cal.Rptr. 221], and *A & B Metal Products* v. *MacArthur Properties, Inc.* (1970) 11 Cal.App.3d 642, 647 [89 Cal.Rptr. 873].

None of the above cases, however, considered the effect of the nullity of a demurrer or answer filed after entry of default upon the status of such a pleading as a general appearance conferring personal jurisdiction. A cogent argument can be made that a pleading which "could have no legal effect" (*Christerson* v. *French, supra,* 180 Cal. at p. 525) should not constitute a general appearance. The origin of the rule that a defendant who asks for any relief which can only be given to a party in a pending case thereby submits to the jurisdiction of the court is found in the early decision of our Supreme Court in *Douglass* v. *Pac. M. S. S. Co.* (1854) 4 Cal. 304, 306,[3] where the court said: "It is clear that a party ought not to be *allowed the benefit of any proceeding,* unless he also assumes the responsibility of it. His appearance for one purpose, is a good appearance to the action." (Italics added.)

A demurrer which the defendant has no standing to interpose and which the court may not consider cannot possibly benefit the defendant. With the reason for the rule thus eliminated, it might well be held not to apply. That result, however, cannot be reached by this court. In *Security etc. Co.* v. *Boston etc. Co.* (1899) 126 Cal. 418 [58 P. 941, 59 P. 296], our Supreme Court held that a general appearance resulted when a defen-

---

[3]The *Douglass* decision is cited by our Supreme Court in *Farmers etc. Nat. Bk.* v. *Superior Court* (1945) 25 Cal.2d 842, 847 [155 P.2d 823], as precedent for the proposition that a general appearance made after the order or judgment waives any defect arising from lack of jurisdiction.

dant whose default had been taken combined with his motion to vacate the default on the ground of defective service a claim "[t]hat the complaint in said action does not state facts sufficient to constitute a cause of action against this defendant . . . ." (*Id.,* at p. 421.) Holding this to be a general appearance, the court said (*id.,* at p. 423):

"Numerous other decisions declaring the law as above stated could be cited from foreign jurisdictions, but this will be unnecessary because the same principle was declared by this court in *In re Clarke,* 125 Cal. 388 [58 P. 22]. In that case Temple, J., delivering the opinion of the court, discussed the subject at some length, and, among other things, said: 'On general principles, a statement that a defendant or party makes a special appearance is of no consequence whatever. If he appears and objects only to the consideration of the case, or to any procedure in it, because the court has not acquired jurisdiction of the person of the defendant, the appearance is special, and no statement to that effect in the notice or motion is required or could have any effect if made. On the other hand, if he appears and asks for any relief which could only be given to a party in a pending case, *or which itself would be a regular proceeding in the case,* it is a general appearance no matter how carefully or expressly it may be stated that the appearance is special. It is the character of the relief asked, and not the intention of the party that it shall or shall not constitute a general appearance, which is material. (See 2 Ency. of Pl. & Pr. 625, notes and cases cited.)'

"In the case at bar, the motion of appellant was based upon grounds other than a want of jurisdiction of the person, as, for instance, 'that the complaint in said action does not state facts sufficient to constitute a cause of action against this defendant,' which is in substance a demurrer to the complaint, and that the complaint does not pray for a judgment authorizing the sale of the shares of stock, that the summons does not conform to the complaint, et cetera. Therefore, upon the principles and authorities above stated and cited the court did not err in denying appellant's motions to vacate the judgment, et cetera." (Italics added.)

The court did not discuss the fact that the demurrer was a nullity and could not "be a regular proceeding in the case." (*Ibid.*) ▮ Nonetheless, it is a square holding that a demurrer filed by defendant after his default is taken constitutes a general appearance.

It is thus clear that if defendants' demurrer in this case had not been stricken by the court prior to the ruling on the motion to quash service, it would have been a general appearance.

The decision in *Security* does not, however, deal with the effect of an order striking an unauthorized and void demurrer upon its status as a general appearance. Plaintiff's motion to strike defendants' demurrer was made upon the ground that it was unauthorized and void, citing *A & B Metal Products, supra,* and *Buck* v. *Morrossis* (1952) 114 Cal.App.2d 461 [250 P.2d 270], for the proposition that a motion to strike was the proper relief. Like a defendant, a plaintiff "ought not to be allowed the benefit of any proceeding, unless he also assumes the responsibility of it." (*Douglass* v. *Pac. M. S. S. Co., supra,* 4 Cal. at p. 306.) Plaintiff moved that the demurrer "be stricken from the files." That motion was granted.

Exhaustive research has revealed no California case determining the effect of such an order striking a pleading upon its status as a general appearance. The question, however, has been decided by the Pennsylvania courts. In *Collins* v. *Collins* (1954) 175 Pa.Super. 214 [103 A.2d 494], a defendant in a Florida domestic relations proceeding was served by registered mail in Pennsylvania. She responded by writing a letter to the court stating " 'several reasons why my husband has no grounds for a divorce' " (103 A.2d at p. 496) and pleading her financial inability to defend in Florida. The letter requested a reply. The judge did not reply to the letter but "instead he filed it of record in the Florida court." (*Ibid.*) The plaintiff "moved to strike the letter from the record . . . ." (*Ibid.*) Notice of the hearing of this motion was served upon the defendant and the court ruled " '[t]hat said letter does not comply with the rules of Court as to an answer; does not set up any defense to complaint and is immaterial, irrelevant and impertinent.' The letter was therefore stricken from the records." (*Ibid.*)

The Pennsylvania court discussed the effect of the order striking the letter as follows (*id.,* at p. 498): ". . . In ordering the letter to be stricken from the record the Florida court accepted the reasons set forth in appellant's motion. Thereafter there was nothing before the court which could in any way subject appellee to its jurisdiction." We agree with the court's logic. We, therefore, hold that when the trial court granted plaintiff's motion to strike the demurrer from the files, it was expunged

from the record and it can no longer constitute the basis for the exercise of jurisdiction over the defendant.

There is California authority for the proposition that a pleading can be so removed from the record as to eliminate its effect as an appearance. In *Forbes* v. *Hyde* (1866) 31 Cal. 342, an answer inadvertently included defendants whom the attorney did not represent. The court said (*id.*, at pp. 346-347): "Upon the discovery of the mistake, upon application and a proper showing promptly made to the Court, and by order of the Court the mistake was corrected and the answer, and, consequently, the appearance involved in the filing, were withdrawn. After the correction of this mistake, *the record in legal contemplation stood as though it had never occurred,* and there can be no reasonable ground for holding that the Court, after the answer was thus withdrawn, had jurisdiction in consequence of the inadvertence." (Italics added.)

In *Berard Construction Co.* v. *Municipal Court* (1975) 49 Cal.App.3d 710, 717-719 [122 Cal.Rptr. 825], we noted the trend in both statutory and decisional law, to ameliorate the harsh consequences of the technical rule on which plaintiffs rely in this case. Consistent with that trend, we conclude that the granting of plaintiff's motion to strike the demurrer from the files justifies dealing with it "as though it had never occurred." (31 Cal. at p. 347.) Plaintiff perhaps did not intend it to have such effect, but neither did the defendants intend to submit to the jurisdiction of the court, and insofar as the plaintiff is basing his claim of jurisdiction upon a technicality, it is fitting that it be denied upon the basis of a like technicality. The order of the court quashing the service of summons will, therefore, be affirmed.

However, in affirming the order quashing the service of summons, we express no opinion on the question of defendants' amenability to the personal jurisdiction of the California courts on the basis of some type of "substituted service," such as service by mail or personal service outside the state (Code Civ. Proc., §§ 413.10, 415.30, 415.40). If any such service is effected, defendants' amenability to personal jurisdiction will depend upon the factors applicable when such service of process is made (for example, the extent of defendants' contacts with the state). The effect of the judgment in this case is limited to the insufficiency of the service made in California during defendant Brett's 1975 visit as a basis for personal jurisdiction.

*It Is Inappropriate to Review the*
*Ruling of Forum Non Conveniens*

Having upheld the court's ruling declining to exercise jurisdiction, it is unnecessary to pass upon the propriety of the order staying proceedings upon the ground of forum non conveniens. Such a ruling was appropriate only in the event the court exercised jurisdiction, and it was expressly made effective only "[i]n the alternative, should an appellate court determine that the above ruling was erroneous as to the quashing of service of summons . . . ." That event has not occurred; consequently, the ruling has no further legal effect.

The order vacating the default and quashing service of the summons is affirmed.

Klein, P. J., and Allport, J., concurred.