Filed 4/9/13  Tah v. U.S. Bank CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ELSI TAH,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>U.S. BANK, N.A., as Trustee, etc.,<br><br>        Defendant and Respondent. | A135289<br><br>(Sonoma County<br>Super. Ct. No. SVC-249909)<br><br>**ORDER MODIFYING OPINION<br>AND DENYING PETITION<br>FOR REHEARING**<br><br>NO CHANGE IN JUDGMENT |

THE COURT:

It is ordered that the opinion filed March 12, 2013, be modified as follows:

The following paragraph is added to page 5, immediately before the disposition:

    We further conclude, under the particular circumstances of this case and as argued in the Bank's appellate brief, that the trial court could reasonably treat the Bank's reply memorandum in support of the demurrer, and the declaration in support of that reply, as a request for relief from default.

There is no change in the judgment.  The petition for rehearing is denied.

Dated: _____          _____ P.J.

1

Filed 3/12/13  Tah v. U.S. Bank CA1/3 (unmodified version)
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ELSI TAH,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>U.S. BANK, N.A., as Trustee, etc.,<br><br>    Defendant and Respondent. | A135289<br><br>(Sonoma County<br>Super. Ct. No. SCV-249909) |

Plaintiff Elsi Tah (Tah) appeals from a judgment dismissing her case against U.S. Bank N.A. (the Bank), as Trustee for Citigroup Mortgage Loan Trust, Inc. Mortgage Pass-Through Certificates, Series 2007-AR-1, after the Bank's demurrer to Tah's complaint was sustained without leave to amend.  The sole issue is whether a court may grant relief pursuant to Code of Civil Procedure section 473, sua sponte, from an entry of default to enable a defendant to file a demurrer.[1]  Our answer is "yes," and we affirm the judgment.

## I.  BACKGROUND

According to the trial court docket, designated as part of the clerk's transcript on appeal, Tah filed her complaint on June 28, 2011.  The complaint, which Tah has not included in the appellate record, is attached as an exhibit to her brief.  The complaint alleges that the Bank is the trustee of a deed of trust securing a $622,300 mortgage loan

---

[1] Unless otherwise indicated, subsequent statutory references are to the Code of Civil Procedure.

1

on Tah's residence. It seeks to postpone foreclosure of the deed of trust, rescind the loan agreement, and recover damages on various theories.

When the court ruled on the Bank's demurrer, it took judicial notice of its file in this case and a previous case filed by Tah against the Bank and others for the same relief sought in the present suit (*Tah v. Wells Fargo Bank, N.A.*, et al; Sonoma County Super Ct. No. SVC-248866).[2] The Bank, which was sued in the prior action as trustee of a different trust—the Harborview 2005-2 Trust Fund—demurred to the first amended complaint in that action, and the demurrer was sustained without leave to amend in May 2011. On June 28, 2011, Tah dismissed the prior action without prejudice, and filed the complaint in this case.

The attorney who handled both cases for the Bank declared in support of the demurrer in this case that when he received the complaint he mistakenly believed it was the complaint in the prior action that Tah had dismissed. Thus, he did not timely file a responsive pleading.

On June 30, 2011, Tah moved for an order postponing foreclosure, and the motion was granted in an order filed on August 5. The order, drafted by Tah's counsel, stated: "Plaintiff's motion to postpone non-judicial foreclosure is granted, because defendants have failed to contact the borrower before recording a Notice of Default,[3] pursuant to Civil Code §2923.5(a), and failed to include a declaration that the defendants have tried with due diligence to contact the borrower, pursuant to Civil Code § 2923.5(b). The foreclosure sale is postponed until compliance with Civil Code §2923.5 can be shown."

On October 3, 2011, Tah filed a request for entry of default against the Bank. The clerk of the superior court entered the default as requested on that date. After receiving Tah's request for entry of default, the Bank's counsel said he tried unsuccessfully to

---

[2] We hereby grant the Bank's motion to augment the record with documents from the prior and current cases.

[3] According to documents in a request for judicial notice in support of the demurrer, a notice of default was recorded against Tah's property showing that her loan was $153,801.63 in arrears as of April 19, 2010.

2

reach Tah's counsel by telephone. He left messages explaining his "own mistaken belief that [the current case] had been dismissed and inquired whether [counsel] would stipulate to removing [Tah's] request for default, given that relief from default is mandatory when default is entered due to mistake by counsel." The Bank's lawyer eventually spoke with Tah's counsel's assistant who advised him in e-mails that Tah's counsel would contact him on October 28, but he did not.

The Bank demurrered on November 2. The Bank's counsel stated in his declaration that, before demurring, he contacted a superior court clerk and was told that no default against the Bank had been entered. On January 20, 2012, Tah filed opposition to the demurrer on the sole ground that the entry of default cut off the Bank's right to appear in the action. The Bank's lawyer declared that he spoke again with a superior court clerk on January 24 and was advised that no default had been entered.

At the February 1, 2012, hearing on the demurrer, after Tah's counsel informed the court that a default had been entered, the court responded: "Let's suppose it was. And let's suppose that Defendant is going to file a 473 motion to set that aside. . . . Let me just tell you what I'm thinking of doing at this point in light of this confusion, is taking the demurrer under submission, setting a date for a 473 motion at this point . . . so that that motion can be heard in a timely fashion." Tah's counsel stated that "the Court's course of conduct would be acceptable to Plaintiff," but the Bank objected to it, arguing that "[the] Bank has a right under California law, under statute, to file a responsive pleading up until a date a default is entered. Our position remains the default was not entered."

The court took the demurrer under submission and then sustained it without leave to amend, stating that it had "taken Judicial Notice of its own file [and] considered the implications of C.C.P. §473." Judgment was entered for the Bank, from which Tah has timely appealed.

## II. DISCUSSION

Tah argues that the demurrer was erroneously sustained, renewing the argument she presented in the trial court that entry of default against the Bank precluded it from

3

filing a pleading in the case. (6 Witkin, Cal. Procedure (5th ed. 2008) Proceedings Without Trial, § 175, p. 617.) Tah also contests the demurrer ruling on substantive grounds, arguing that her complaint states causes of action based on violations of Civil Code sections 2923.5 et seq.

The Bank does not dispute on appeal, as it did in the trial court, that default was in fact entered against it. But the Bank argues that Tah has forfeited all of her arguments by failing to designate an adequate appellate record. The Bank further argues that the demurrer was properly considered on its merits, and correctly sustained without leave to amend under the doctrine of res judicata by virtue of the judgment in the prior action.

We agree with the Bank that the record is inadequate to evaluate Tah's assertions of substantive error in the court's decision. The record does not include the Bank's memoranda in support of the demurrer, or the supporting declaration and request for judicial notice. Tah did not even designate the complaint as part of the record. Consequently, we are in no position to evaluate her causes of action on the merits. Tah's opposition to the demurrer was based entirely on the entry of default against the Bank, and that procedural argument is the only one properly before us.[4]

This appeal boils down to the narrow question of whether the court, on its own motion, could grant relief under section 473 from the entry of default. We conclude that it could. Section 473, subdivision (b) provides that "[t]he court may, upon any terms as may be just, relieve a party of his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." It has long been "well established" that the statute is "to be liberally construed" (*Riskin v. Towers* (1944) 24 Cal.2d 274, 279), and section 473, subdivision (b) does not expressly prohibit the court from acting on its own motion. A court should have the power to rectify mistakes of its staff that contribute to those of counsel, such as the erroneous advice of the clerks in this case that no default

---

[4] Thus, we need not determine whether the prior judgment against Tah was res judicata barring her present claims.

4

had been entered. The majority of the reported cases on point support our conclusion. (Compare *Allstate Ins. Co. v. Fisher* (1973) 31 Cal.App.3d 391, 396-397 [court properly set aside default on its own motion], and *Stuart v. Alexander* (1935) 6 Cal.App.2d 27, 28 [same], with *Remainders, Inc. v. Superior Court* (1961) 192 Cal.App.2d 411, 412-413 [court cannot grant defendant relief from default on its own motion].) We think vesting such inherent authority in the trial court is the better rule.

### III.  DISPOSITION

The judgment is affirmed.

_____
Siggins, J.

We concur:


_____
Pollak, Acting P.J.


_____
Jenkins, J.

5