Filed 11/4/20 Ahdoot v. Chernyavskiy CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| MELINDA T. AHDOOT, | B303359 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 19STCV07772) |
| v. | |
| GARRI CHERNYAVSKIY et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County. Dalila Corral Lyons, Judge. Affirmed.

Law Office of Jeff Katofsky, Jeff Katofsky and Michael Leff for Plaintiff and Appellant.

Campbell & Farahani, Frances M. Campbell and Nima Farahani for Defendants and Respondents.

Plaintiff and appellant Melinda T. Ahdoot (landlord) appeals from an order of the trial court jointly awarding defendants and respondents Garri and Polina Chernyavskiy (collectively "tenants") $29,490 in attorney fees following the trial court's grant of summary judgment in tenants' favor in this unlawful detainer action.[1] Landlord argues that the trial court erred in awarding fees to Polina because she was unrepresented and purportedly in default for much of the litigation. Further, landlord argues that the trial court abused its discretion in failing to apportion its attorney fee award between Polina and Garri. Finally, landlord argues that substantial evidence did not support the fee award.

We find no error, therefore we affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

In March 2019, landlord filed an unlawful detainer action against tenants, alleging that landlord served on tenants a 30-day notice to quit on February 28, 2019, and that tenants failed to comply with the 30-day notice.[2]

On July 15, 2019, upon request of landlord, the clerk entered a default as to Polina only. However, on July 29, 2019, tenants filed a joint answer to the unlawful detainer complaint. On August 5, 2019, the default previously entered against Polina was vacated. Polina's answer was deemed filed as of August 5, 2019.

_____

[1] Tenants were married during the litigation. Because they share the same last name, we use the parties' first names for clarity. (*In re Marriage of Smith* (1990) 225 Cal.App.3d 469, 475, fn. 1.)

[2] The notice attached to the unlawful detainer complaint was dated January 28, 2019.

On July 29, 2019, tenants filed a motion for summary judgment (MSJ), on the grounds that (1) the 30-day notice to quit did not include mandatory language about tenant's rights; (2) landlord was required to give 60 days' notice since Garri had lived at the property for more than one year; and (3) the 30-day notice could not have been given until March 1, 2019, pursuant to the terms of the lease.

On August 8, 2019, the trial court granted the tenants' MSJ.[3]  In a written ruling filed August 8, 2019, the trial court noted that both Garri and Polina had moved for summary judgment.  The court noted, "[h]owever, Counsel for Garri [] has previously represented to the Court that counsel represents Garri [] only and that only Garri [] is in possession of the property."  The court also noted that the MSJ was filed by both tenants and the court had set aside Polina's default.  The MSJ was granted on the grounds that the landlord did not comply with statutorily mandated notice requirements and because a 60-day notice was required based on the length of the tenancy.  On August 30, 2019, judgment was entered in favor of tenants.  Landlord did not appeal from the judgment.

On September 13, 2019, tenants jointly filed a motion for an award of reasonable attorney fees pursuant to Civil Code section 1717.[4]  The motion included declarations from the

_____

[3]     In unlawful detainer cases, motions for summary judgment may be heard on five days' notice.  (Code Civ. Proc., § 1170.7.)

[4]     Civil Code section 1717, subdivision (a) provides, in part, that "[i]n any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is

3

tenants' attorneys as well as time records. The four attorneys that provided declarations indicated that they represented the tenants jointly in the matter. Tenants sought $32,140 in attorneys' fees.

On October 7, 2019, landlord submitted an opposition to the tenants' motion for attorney fees. Landlord acknowledged that the tenants had jointly moved for an award of attorney fees. She made four arguments: (1) that tenants had failed to provide substantial evidence in support of a fee award, but instead provided only cryptic descriptions of the work provided; (2) Polina was not represented by counsel and was in default until July 29, 2019, when Garri's attorneys attempted to file an answer on her behalf, therefore any attorney fees purportedly entered on behalf of Polina are not reasonable because the attorneys failed to take reasonable steps to protect their client and were working to undo events of their own making;[5] (3) any entry where there is a reference to "client" was unduly vague and ambiguous because there is no indication of whether the client was Garri or Polina; and (4) the requested fee award was absurd as it was double the recoverable damages in the case.

---

determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees and in addition to other costs."

[5] In relieving Polina of default, the trial court found that Polina was not served with the summons and complaint in this action, therefore her answer was timely filed. Thus, landlord's suggestion that the default was caused by the tenants' attorneys is inaccurate.

4

Tenants filed a reply in which they argued that the evidence submitted in support of the motion was substantial and detailed. They further argued that the cost of the litigation was necessitated by landlord's litigation style, which caused them to incur unnecessary attorney fees. Tenants also pointed out that the motion to set aside Polina's default was appropriate because Polina had never been properly served in the litigation. Therefore, contrary to landlord's position, she was not in default, and landlord's counsel refused to voluntarily set aside the default. As a result of landlord's counsel's tactics, the motion to set aside the default was necessary. Tenants' counsel attached a declaration setting forth her efforts to meet and confer with landlord's counsel regarding a stipulation to set aside the default, and the landlord's refusal to do so.

On December 2, 2019, the court held a hearing on the motion for attorney fees filed by tenants.[6] The court did not adopt its tentative ruling and took the matter under submission. Later, outside of the presence of counsel, the trial court granted the tenants' motion in the amount of $29,490. The court noted that this was a reasonable award of attorney fees in this case.

On December 31, 2019, landlord filed a notice of appeal from the order awarding fees.

## DISCUSSION

## I. Applicable law and standards of review

Civil Code section 1717 provides that reasonable attorney fees authorized by contract shall be awarded to the prevailing party. (Code Civ. Proc., § 1717.) A trial court has wide latitude in determining the amount to be awarded. (*PLCM Group, Inc. v.*

---

[6] No reporter's transcript of the proceedings is included in the record.

*Drexler* (2000) 22 Cal.4th 1084, 1095 (*PLCM Group*).) The experienced trial judge is in the best position to assess the value of professional services rendered in her court. Therefore, the trial court's decision on a request for reasonable attorney fees will not be disturbed unless there has been a manifest abuse of discretion. (*Ibid.*) An abuse of discretion may only be found where the court's decision exceeded the bounds of reason. (*Rancho Mirage Country Club Homeowners Assn. v. Hazelbaker* (2016) 2 Cal.App.5th 252, 260.)

"'"A judgment or order of the lower court is *presumed correct. . . .*" [Citation.]' [Citations.]" (*Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 447.) A party challenging a fee award has an affirmative obligation to provide an adequate record so that we may assess whether the trial court abused its discretion. (*Ibid.*) "'Failure to provide an adequate record on appeal requires that the issue be resolved against [an appellant].' [Citation.]" (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.)

The issue of a party's entitlement to attorney fees may be a legal issue subject to de novo review. (*Sands & Associates v. Juknavorian* (2012) 209 Cal.App.4th 1269, 1278.) Where an appellant challenges the legal basis for an attorney fee award, the issue is reviewed de novo. (*Conservatorship of Whitley* (2010) 50 Cal.4th 1206, 1213-1214.)

## II. The judgment is not void as to Polina

Landlord's first argument is that attorney fees were awarded to Polina in error because the judgment was void as to her. Landlord points out that at the time tenants filed the MSJ, Polina was in default and the trial court had yet to set aside the default. Landlord argues that notwithstanding her status as a

6

defaulted party, and prior to seeking an order setting aside her default, Polina filed the MSJ. Landlord claims that because a pleading filed by a defaulted party is void, the summary judgment granted by the trial court is void.

Preliminarily, we note that landlord did not appeal from the judgment. The unchallenged judgment therefore stands.[7] Nor did landlord argue in the attorney fee proceedings that the summary judgment was void as to Polina. We ordinarily do not consider claims for the first time on appeal that could have been, but were not, presented to the trial court. (*Perez v. Grajales* (2008) 169 Cal.App.4th 580, 591.) Such arguments are generally deemed forfeited. (*Ibid.*) For these reasons, we need not address landlord's argument that the summary judgment is void.

Further, landlord has not provided adequate legal support for her position that the summary judgment is void as to Polina. Landlord provides one legal authority in support of her argument: *Forbes v. Cameron Petroleums, Inc.* (1978) 83 Cal.App.3d 257, 262 (*Forbes*). In *Forbes*, the defendants' demurrer was a legal nullity when it was filed because they had

---

[7] There are two types of jurisdictional errors. (*People v. American Surety Co.* (2019) 31 Cal.App.5th 380, 400.) Lack of jurisdiction in its most fundamental sense means a complete absence of power to hear or determine the case, or an absence of authority over the subject matter or the parties. (*Ibid.*) Landlord makes no argument that the court lacked such fundamental jurisdiction in this matter. Where a court has fundamental jurisdiction, but acts in excess of its jurisdiction, its act or judgment is merely voidable, not void. Thus, any act in excess of the court's jurisdiction is valid until set aside. (*Ibid.*) Because landlord made no effort to challenge the trial court's jurisdiction to grant summary judgment in Polina's favor below, the judgment remains valid.

no standing to file a responsive pleading without first obtaining relief from default. (*Ibid.*) *Forbes* is distinguishable. Here, as the trial court later found, Polina was not actually in default because she had never been served with the summons and complaint. In addition, unlike the demurrer in *Forbes,* the MSJ was filed by both tenants, and only one was purportedly in default at the time. Landlord provides no authority suggesting that under these unique circumstances, the judgment was void.

Landlord did not properly challenge the summary judgment below. Errors which are merely in excess of jurisdiction, such as the one landlord alleges here, must be challenged directly, and are not subject to collateral attack once the judgment is final. (*Kabran v. Sharp Memorial Hospital* (2017) 2 Cal.5th 330, 340.) Landlord's claim that the summary judgment is void as to Polina fails.

## III.  No abuse of discretion in making the award of attorney fees

Landlord makes several arguments that the trial court abused its discretion. First, landlord argues that Polina could not have actually incurred the attorney fees awarded by the trial court, pointing out that previously, Garri's counsel advised the trial court that she did not represent Polina and that only Garri was in possession of the property.[8] While the court mentioned this in a footnote, the court also noted that both Garri and Polina had moved for summary judgment, and granted the motion as to both tenants on the grounds that the notice to terminate the tenancy was defective.

_____

[8]     The trial court's notation does not include a date or the context of this statement by counsel.

8

Following entry of judgment in favor of both tenants, the tenants jointly, in a single motion, moved for the award of attorney fees. Landlord objected on several grounds, including the ground that Polina was unrepresented until the late stages of the litigation and was in default for much of the litigation. Notwithstanding landlord's arguments, the trial court awarded Polina and Garri attorney fees, jointly, in the amount of $29,490. Landlord argues that it was impossible for Polina to incur attorney fees during the time that she was unrepresented by counsel. Landlord contends it was an abuse of discretion for the trial court to award these fees to Polina without properly parsing out those fees actually incurred by her.

Landlord cites no legal authority for her position that it is an abuse of discretion for a trial court to fail to parse out joint legal fees awarded to a married couple who are jointly sued for unlawful detainer. Furthermore, landlord has failed to provide a transcript of the attorney fee hearing. Without an adequate record, we are unable to assess whether the trial court's decision was an abuse of discretion. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296.) Without a reporter's transcript, we have no way of determining the trial court's rationale for the decision to award joint fees.[9] Because landlord failed to provide an adequate

_____

[9] Landlord argues that the trial court's rationale was set forth in the tentative ruling dated December 2, 2019. However, the tentative ruling granted the tenants' motion for attorney fees in the amount of $32,140. In its later minute order, the trial court specifically stated: "the Court does not adopt its tentative ruling." The court ultimately granted Garri and Polina, jointly, the lesser amount of $29,490. Due to the court's explicit rejection of its tentative ruling, we decline to rely on it to ascertain the court's rationale.

record of the attorney fee proceedings, landlord's claim must be resolved against her. (*Id.* at p. 1296.)

Landlord cites *Heppler v. J.M. Peters Co.* (1999) 73 Cal.App.4th 1265 (*Heppler*) in support of her argument that the trial court abused its discretion in declining to apportion fees between Garri and Polina. In *Heppler*, two consolidated appeals arose from construction defect litigation involving four subcontractors. (*Id.* at pp. 1271-1272.) In one of the appeals, a roofing subcontractor appealed from an award of attorney fees in part because the trial court declined to apportion the fee award which was based on a seven-week trial including other defendants. The roofing contractor's part of the case "could have been tried in considerably less time than seven weeks had the trial not taken up issues that involved the other nonsettling subcontractors." (*Id.* at p. 1297.) Under the circumstances, it was "eminently unfair" to tag the roofing subcontractor with "all of plaintiffs' attorney fees for the entire seven-week trial." (*Ibid.*) Thus, the award of attorney fees should have been allocated amongst the various defendants.

Here, in contrast, there is only one defendant, and the award of attorney fees is to a married couple. Landlord provides no authority suggesting that the trial court abused its discretion under these circumstances. Both tenants were sued for unlawful detainer under landlord's complaint, and both utilized the services of attorneys throughout the proceedings. Landlord has failed to show that the failure to apportion under the circumstances of this case was "eminently unfair." (*Heppler, supra,* 73 Cal.App.4th at p. 1297.)[10]

_____

[10]     Tenants further point out that landlord has not shown that she would achieve a better result or pay less in total attorney fees

10

Finally, landlord argues that the trial court abused its discretion in finding that the tenants substantiated their attorney fee request. Landlord cites *Garcia v. Hyster Co.* (1994) 28 Cal.App.4th 724, 737 as authority for her position that where the moving party fails to provide sufficient descriptions of alleged time spent on a case, it is an abuse of discretion to award attorney fees.

Landlord's focus is again on Polina and the time that she spent unrepresented by counsel. Landlord argues that there was no evidence before the trial court demonstrating that Polina actually incurred attorney fees during the time that she was unrepresented. Landlord argues that the attorneys' vague references to "client" throughout the time records should have been scrutinized because Polina was unrepresented for part of the litigation.

Polina and Garri were married during the litigation. The rental agreement between the parties specified that Garri and Polina were husband and wife, and referred to both individuals as "resident." Landlord sued both of them for unlawful detainer. To the extent that Garri incurred attorney fees on behalf of the marital community in order to preserve the parties' interest in the lease, he benefitted both himself and Polina. There is no

if this court were to reverse the award with directions to apportion it among the tenants. Thus, tenants argue, any failure to apportion is harmless error at best. Landlord disagrees, arguing that the joint award has empowered both Garri and Polina, individually, to initiate collection efforts. Further, if Garri were to die, Polina would be entitled to collect the entire award, which would be a windfall to her. Landlord cites no authority that these speculative situations require reversal under the abuse of discretion standard.

indication in the record that any fees were duplicative or unnecessary.  Under the circumstances, the trial court did not abuse its discretion in permitting the attorneys to refer to Polina and Garri jointly as a single client.

## DISPOSITION

The order is affirmed.  Tenants are awarded their costs of appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
CHAVEZ

We concur:


_____, P. J.
LUI


_____, J.
HOFFSTADT

12