Filed 6/22/21  Curtis v. Lavian CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| GRETA CURTIS et al., | B300553 |
| Plaintiffs and Appellants, | Los Angeles County |
| v. | Super. Ct. No. BC671590 |
| JACOB LAVIAN et al., | |
| Defendants and Respondents. | |

        APPEAL from a judgment of the Superior Court of Los Angeles County, Anthony J. Mohr, Judge. Affirmed.
        Greta Curtis, in pro. per., for Plaintiff and Appellant.
        Stephen H. Krumm for Defendant and Respondent Victoria Olshansky.

# INTRODUCTION

Greta Curtis appeals from a judgment entered in favor of Victoria Olshansky after a court trial. Curtis contends the court abused its discretion by setting aside Olshansky's default, on its own motion, and the judgment did not dispose of all of Curtis's claims against Olshansky. Because Curtis has not provided an adequate record to review her contentions, we affirm the judgment.

# BACKGROUND

In August 2017, Curtis and Eric Radley (collectively, plaintiffs) sued Olshansky and three other defendants for breach of contract, fraud, and negligence.[1] According to the purchase agreement attached to the complaint, Radley agreed to buy commercial property owned by Olshansky for $950,000. Although Curtis is not a party to the purchase agreement, she purports to be Radley's assignee and a co-buyer of the property. In essence, Curtis alleges that Olshansky and the other defendants breached the purchase agreement by failing to disclose pertinent information about the property and by failing to procure a property information report.

On September 19, 2017, plaintiffs filed an application for entry of default against Olshansky. On October 3, 2017, the clerk rejected the request because both plaintiffs had not signed the application and had not served Olshansky with the first amended complaint.

---

[1] The other named defendants are Jacob Lavian, Linda Terry, and Keller Williams Realty Westside.

On September 29, 2017, plaintiffs filed an application for entry of default against Olshansky in her individual capacity and in her capacity as trustee of the Olshansky Living Trust. On the same date, plaintiffs filed proofs of service stating that Olshansky, in her individual capacity and in her capacity as trustee, had been personally served with the summons and amended complaint on August 15, 2016, the year before plaintiffs filed their lawsuit. On October 18, 2017, the clerk rejected the request because both plaintiffs had not signed the application. The clerk also noted there is no Victoria Olshansky Trustee named as a party in the pleading.

On October 11, 2017, plaintiffs filed an amended proof of service stating that Olshansky had been personally served with the summons, amended complaint, amendment to complaint, and other documents, on August 15, 2017. Also on October 11, 2017, plaintiffs filed an application for entry of default against Olshansky. Although plaintiffs did not check the box requesting entry of clerk's judgment or a court judgment on the application, they sought more than $2,000,000 in damages. The first page of the application contains the clerk's stamp and signature, and indicates that default was entered as requested on October 11, 2017. However, on October 26, 2017, the clerk rejected the request for entry of default submitted on October 10, 2017 [*sic*] because default had already been entered against Olshansky on October 10, 2017—i.e., before plaintiffs filed their most recent application. In addition, the clerk rejected the request for entry of clerk's judgment because a clerk's judgment cannot be entered on causes of action for fraud and negligence.

Notwithstanding that default was apparently entered against her on October 11, 2017, Olshansky filed an answer and

cross-complaint on October 24, 2017. The cross-complaint asserted claims for breach of contract, slander of title, and fraud against both plaintiffs. Plaintiffs were served with the answer and cross-complaint on October 20, 2017. Olshansky, through counsel, and Curtis appeared at case management conferences held on December 12, 2017, January 4, 2018, February 22, 2018, and April 19, 2018. And on April 19, 2018, Olshansky gave written notice of the final status conference and trial date to Curtis and the other parties involved in the lawsuit.

Based on what we can glean from the limited record before us, the court conducted a one-day bench trial on July 10, 2019 at which Curtis and Radley testified and nine exhibits were marked for identification. The minute order from that date also indicates that, on the court's own motion, the default entered on October 11, 2017 against Olshansky was set aside and vacated, and Olshansky's answer filed on October 24, 2017 "is to stand."

After Curtis rested, Olshansky's motion for judgment under section 631.8 of the Code of Civil Procedure was denied. But, after further argument, the court granted the motion as to the fraud cause of action. After Olshansky rested, the court found that "the evidence does not preponderate for [Curtis]. Moreover, [Curtis] lacks standing to bring this action." Accordingly, the court ordered a judgment entered for Olshansky and against Curtis on the complaint filed in August 2017 for a total of $0.00, and, at Olshansky's request, dismissed the cross-complaint without prejudice.

On August 8, 2019, the court entered judgment in favor of Olshansky and against Curtis. Curtis filed a timely notice of appeal and elected to proceed with a clerk's transcript only. Notably, the Judicial Council form Curtis used to designate the

4

record, where she checked the box stating: "I choose to proceed: ... WITHOUT a record of the oral proceedings (what was said at the hearing or trial) in the superior court," contains the following admonition: "I understand that without a record of the oral proceedings in the superior court, the Court of Appeal will not be able to consider what was said during those proceedings in deciding whether an error was made in the superior court proceedings."

## DISCUSSION

Curtis argues the court abused its discretion by setting aside Olshansky's default on its own motion on July 10, 2019, and the subsequent judgment did not dispose of all her claims against Olshansky.

Olshansky does not dispute that default was in fact entered against her on October 11, 2017. But she argues that Curtis has forfeited her arguments by failing to designate an adequate appellate record. Olshansky further argues that the judgment in her favor disposed of all claims and causes of actions asserted against her by Curtis.

It is well settled that "[a]ppealed judgments and orders are presumed correct, and error must be affirmatively shown." (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502, citing *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) As the party challenging the court's presumably correct findings and rulings, Curtis is required "to provide an adequate record to assess error." (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295.) Certainly, we are mindful that Curtis is representing herself on appeal. Her status as a party appearing in propria persona, however, does not provide a basis for preferential consideration. A self-represented party is to be

treated like any other party, and is entitled to the same—but no greater—consideration than other litigants and attorneys. (See *Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125.)

We agree with Olshansky that the record is inadequate to evaluate Curtis's assertions of error by the trial court. As noted, we do not have a reporter's transcript or suitable substitute of the July 10, 2019 proceedings. Consequently, we are in no position to evaluate Curtis's arguments. (See *Gee v. American Realty & Construction, Inc*. (2002) 99 Cal.App.4th 1412, 1416 [if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court must be affirmed].)

We also reject Curtis's suggestion that the court could not, on its own motion, grant Olshansky relief from entry of default. Here, the litigation proceeded for almost two years with Olshansky's and Curtis's participation after default was entered by the clerk in October 2017. A court should have the power to rectify mistakes, such as the erroneous entry of default or the erroneous belief that no default had been entered. The majority of the reported cases on point support our conclusion. (Compare, e.g., *Allstate Ins. Co. v. Fisher* (1973) 31 Cal.App.3d 391, 396–397 [court properly set aside default on its own motion], and *Stuart v. Alexander* (1935) 6 Cal.App.2d 27, 28 [same], with *Remainders, Inc. v. Superior Court* (1961) 192 Cal.App.2d 411, 412–413 [court cannot grant defendant relief from default on its own motion].) We think vesting such inherent authority in the trial court is the better rule.

## DISPOSITION

The judgment is affirmed. Olshansky shall recover her costs on appeal.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                         LAVIN, Acting P. J.

WE CONCUR:


EGERTON, J.


THOMAS, J.[*]

---

[*] Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.